TOMÁS E. GUAL, peticionario, *v.* TRIBUNAL DE DISTRITO DE SAN JUAN, HON. J. M. CALDERÓN, JR., JUEZ, demandado; ROSA PÉREZ PÉREZ, interventora.

Núm. 1822.—*Sometido:* Abril 19, 1950. *Resuelto:* Abril 27, 1950.

*Manuel I. Vallecillo,* abogado del peticionario; *Daniel Pellón Lafuente* y *Mariano Acosta Velarde,* abogados de la interventora, demandada en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En acción sobre sentencia declaratoria instada por Tomás E. Gual, aquí peticionario, contra Rosa Pérez Pérez y Salvador J. Pérez el tribunal inferior dictó sentencia con fecha 6 de mayo de 1949 declarando con lugar la solicitud. Notificada esa sentencia a las partes el día 11, los demandados radicaron en 17 de mayo una moción de reconsideración basada en los errores de derecho que especificaron, cometidos a su juicio por el tribunal recurrido.

En 20 de mayo el tribunal inferior dictó una orden señalando el 6 de junio de 1949, a las nueve de la mañana, para oír a las partes sobre la referida moción. Notificada por los

demandados en 27 de mayo la moción de reconsideración al demandante, éste se opuso a lo solicitado y luego de una réplica por la parte demandada, de una contrarréplica por el demandante y de celebrada la audiencia señalada, el tribunal a quo resolvió en 6 de septiembre que a tenor de lo provisto por la regla 59 (*b*) de las de Enjuiciamiento Civil carecía de jurisdicción para considerar y resolver dicha moción. Solicitaron los demandados en 9 de septiembre la reconsideración de esa orden, y por resolución de 22 del mismo mes el tribunal inferior así lo hizo, decidiendo que las mociones de reconsideración se rigen por el artículo 292 del Código de Enjuiciamiento Civil y no por la regla 59 (*b*) y dejando pendiente de resolución la moción de reconsideración de 17 de mayo que se dirigía a los méritos del pleito. A instancias del demandante en dicha acción expedimos un auto de *certiorari* para revisar la aludida resolución del tribunal a quo de fecha 22 de septiembre. El único asunto a considerar en este recurso es, por tanto, si las mociones de reconsideración se rigen por la regla 59 (*b*) (¹) o por el artículo 292 del Código de Enjuiciamiento Civil. (²)

██El artículo 292 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley 67 de 8 de mayo de 1937 (pág. 199), dispone en lo pertinente que:

"Cualquier parte agraviada por una sentencia o resolución de una corte de distrito en una acción civil podrá, *dentro del término improrrogable de quince días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia* o dentro del término improrrogable de cinco días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, *radicar en la corte que hubiere dictado la sentencia o resolución una petición ex-parte para la revisión o*

---

(¹) De regirse las mociones de reconsideración por la regla 59 (*b*), el tribunal inferior no podría considerar (*entertain*) la presentada por los aquí interventores en 17 de mayo, toda vez que la misma no fué notificada al demandante "a más tardar diez días después de haber sido notificada la sentencia." (La moción de reconsideración se notificó el 27 de mayo.)

(²) En armonía con lo provisto por la regla 57, las mismas son aplicables a los procedimientos para obtener una sentencia declaratoria.

*reconsideración de su sentencia* o resolución, *haciendo constar en ella los hechos y los fundamentos de derecho sobre los cuales se basa la solicitud."* (Bastardillas nuestras.)

Y la Regla 59 (*b*) provee:

"(*b*) Término para Radicar Moción.—*Una moción de nuevo juicio* deberá ser notificada a la parte contraria a más tardar diez días después de haber sido notificada la sentencia, excepto que *una moción de nuevo juicio* basada en el descubrimiento de nueva evidencia podrá ser radicada después de la expiración de dicho término y antes de la expiración del término para apelar, con permiso de la corte obtenido después de notificación y vista y al demostrarse el ejercicio de la debida diligencia." Bastardillas nuestras.)

Al sostener que las mociones de reconsideración en pleitos a los cuales son aplicables las reglas se rigen por la regla 59 (*b*) y no por el artículo 292 del Código de Enjuiciamiento Civil, el peticionario se basa principalmente en los casos de *Safeway Stores* v. *Coe*, 136 F.2d 771 (Corte de Apelaciones de los Estados Unidos para el Distrito de Columbia, 1943), y *Jusino* v. *Morales & Tió*, 139 F.2d 946 (Corte de Apelaciones para el Primer Circuito, 1944), en los cuales se resolvió que bajo las reglas federales una petición de reconsideración (*rehearing*) equivale en todo respecto a una moción de nuevo juicio y, por ende, que toda petición de reconsideración debe regirse por dicha regla. También arguye que como el primero de los casos citados fué resuelto antes del primero de septiembre de 1943, fecha en que empezaron a regir nuestras reglas, y que como al ser éstas adoptadas ello se hizo con la interpretación que hasta entonces se les había dado, los tribunales de Puerto Rico están en la obligación de resolver que una moción de reconsideración presentada en pleitos a los cuales las reglas son aplicables, se rige por éstas y no por el Código de Enjuiciamiento Civil.

Hemos estudiado con detenimiento el punto aquí envuelto y a nuestro juicio la jurisprudencia de las cortes continentales sobre la regla 59 (*b*) no es aplicable en nuestra jurisdicción,

ya que las mociones de reconsideración que por ellas han sido equiparadas a làs de nuevo juicio, son mociones que por lo general no sólo van a los méritos del caso, sino que de ordinario requieren también la celebración de un nuevo juicio. Decimos lo anterior conscientes de que tanto en el caso de *Safeway Stores* v. *Coe* como en el de *Jusino* v. *Morales & Tió*, citados por el peticionario, las mociones de reconsideración presentadas atacaban resoluciones dictadas sobre cuestiones de derecho que si bien al ser resueltas en favor del promovente ponían fin al litigio, no requerían la presentación de prueba, ni estrictamente hablando la celebración de un nuevo juicio. (³)

Si se compara nuestra regla 59 con la 59 de las reglas federales se verá cuán distintas son en lo esencial. La nuestra en su inciso (*a*) reza así:

"*Motivos.—Un nuevo juicio podrá concederse* a todas o cualquiera de las partes y sobre todas o parte de las cuestiones en controversia *por cualquiera de los motivos en que hasta ahora se han concedido de acuerdo con el Artículo 221 del Código de Enjuiciamiento Civil.* Mediante moción de nuevo juicio la corte podrá dejar sin efecto la sentencia, si alguna hubiere sido dictada, oír testimonio adicional, enmendar sus conclusiones de hecho y de derecho o formular nuevas conclusiones y ordenar que se registre nueva sentencia." (Bastardillas nuestras.)

La Regla 59 Federal, vertida por nosotros al castellano, provee:

"*Motivos.*—Un nuevo juicio podrá concederse a todas o a cualquiera de las partes y sobre todas las cuestiones en controversia o sobre parte de éstas (1) en un pleito en que ha habido un juicio por jurado, por cualquiera de las razones por las cuales hasta ahora se han concedido nuevos juicios en acciones en ley ante las cortes de los Estados Unidos; y (2) en una acción en que el juicio se celebra sin la intervención del jurado, por

---

(³) En el caso de *Safeway Stores* v. *Coe* se trataba de una moción para reconsiderar una resolución declarando sin lugar la demanda por carecer el demandante de capacidad para demandar; y en el de *Jusino* v. *Morales & Tió*, de una moción para reconsiderar una resolución desestimando la demanda por falta de hechos determinantes de una causa de acción.

cualquiera de los motivos por los cuales reconsideraciones (*rehearings*) hasta ahora se han concedido en pleitos en equidad en los tribunales de los Estados Unidos. Al presentarse moción de nuevo juicio en un caso visto sin la intervención del jurado, la corte podría dejar sin efecto la sentencia, si alguna hubiere sido dictada, oír testimonio adicional, enmendar sus conclusiones de hecho y de derecho o formular nuevas conclusiones y ordenar que se registre nueva sentencia."

La mera lectura del inciso (*a*) de la regla citada nos lleva al convencimiento de que la núm. 59 de las nuestras no fué aprobada a la luz del inciso (*a*) de la regla 59 de las federales, sino que por el contrario al redactarse la nuestra se tuvo en mente tan sólo mociones de nuevo juicio idénticas a las que hasta aquel entonces se habían presentado bajo el artículo 221 del Código de Enjuiciamiento Civil y no mociones de reconsideración como las conocidas en esta jurisdicción. Así se hizo constar en ella, podría decirse, de manera taxativa al referirse la misma al artículo 221 del Código de Enjuiciamiento Civil. Éste provee a grandes rasgos que podrá concederse un nuevo juicio por (1) irregularidad en los procedimientos; (2) accidente o sorpresa; (3) descubrimiento de nuevas pruebas; (4) indemnización excesiva; (5) insuficiencia de la prueba y (6) error de derecho. El artículo 292 de dicho Código provee cómo y cuándo podrá presentarse una moción de reconsideración.

Una moción de nuevo juicio fundada en uno o más de los motivos ya enunciados es algo muy distinto a la moción de reconsideración conocida por nosotros. Ésta tiene por objeto dar a la corte que dictó la sentencia o resolución cuya reconsideración se solicita, la oportunidad de corregir cualquiera o cualesquiera errores que a juicio del promovente ella ha cometido. Empero, la moción de nuevo juicio, basada en cualquiera de los motivos especificados en el artículo 221, tiene alcance distinto. Por tanto, es lógico concluir que al aprobarse nuestra regla 59 ello se hizo dando por sentado que la misma se refería a las mociones de nuevo juicio clásicas y no a mociones de reconsideración.

█ La presentada en 17 de mayo por la parte demandada, como se ha visto, lo fué dentro del término de quince días a que alude el artículo 292. Por ser una moción *ex parte* no era necesario notificarla al demandante dentro de dicho término pudiendo tal notificación hacerse, como se hizo, con posterioridad a la fecha en que la corte señaló un día para oírles. *Cf. Ferrari* v. *American R. R. Co.*, 39 D.P.R. 49.

█ Además, como ella era estrictamente una moción de reconsideración como las conocidas hasta entonces bajo ese nombre, que sólo planteaba ciertas cuestiones de derecho que a juicio de los demandados habían sido resueltas erróneamente por el tribunal recurrido y, para cuya resolución se hacía innecesario la celebración de un nuevo juicio, esa moción cayó de lleno bajo el artículo 292 y no, en forma alguna, bajo la regla 59 de las de Enjuiciamiento Civil.

Rigiéndose las mociones de reconsideración en Puerto Rico por el artículo 292 del Código de Enjuiciamiento Civil, según ha sido enmendado, y no por la regla 59, *se dictará sentencia anulando el auto expedido.*