ANA MARÍA LÓPEZ RIVERA, asistida de su esposo BERNARDO RIVERA FERRER, Y OTROS, demandantes y recurridos, *v.* AUTORIDAD DE LAS FUENTES FLUVIALES DE PUERTO RICO, demandada y recurrente.

*Número:* R-63-56      *Resuelto:* 14 de noviembre de 1963

*José Antonio Arabía* e *Ismael Toro Rosario,* abogados de la recurrente; *Arístides Blanco Colón,* abogado de los recurridos.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

En 29 de marzo de 1963 el Tribunal, actuando esta Sala, expidió auto para revisar la sentencia dictada por la Sala de Guayama del Tribunal Superior en el presente caso, que declaró con lugar una demanda de daños. Elevados los autos originales después de perfeccionado el recurso, surgen los siguientes hechos:

La Sala sentenciadora dictó sentencia el 24 de agosto de 1962 y hace constar el Secretario en la notificación de la misma a las partes, que la notificación de la sentencia quedó archivada en autos en aquella fecha, 24 de agosto de 1962. La recurrente presentó una moción de reconsideración que aparece radicada en la Sala sentenciadora el 13 de septiembre de 1962.

La Regla 47 de Procedimiento Civil de 1958 dispone que la parte agraviada por la sentencia . . . podrá, dentro del término de 15 días *"desde la fecha del archivo en los autos de una copia de la notificación de la sentencia,"* . . . presentar una moción de reconsideración de la sentencia. Según consta del expediente, la copia de la notificación de la sentencia fue archivada en los autos el 24 de agosto de 1962. El término de 15 días vencía el 8 de septiembre siguiente. Siendo sábado el 8 de septiembre siguiente, a la recurrente le estaba permitido radicar su moción el próximo lunes día 10. El texto de la moción de reconsideración tiene fecha de 11 de septiembre y en esa misma fecha aparece que se le envió notificación a la parte contraria. El sello del Tribunal demuestra que se radicó dicha moción, como ya dijimos, el 13 de septiembre.

El 14 de septiembre la Sala sentenciadora dictó una orden señalando vista para considerar la referida moción. Siguieron otros procedimientos en torno a la misma y finalmente la Sala, en 1ro. de febrero de 1963, dictó resolución declarando no haber lugar a reconsiderar la sentencia. Esta resolución fue notificada el 8 de febrero de 1963. En 4 de marzo siguiente, dentro de 30 días, se radicó en este Tribunal el recurso de revisión.

El Código de Enjuiciamiento Civil nada disponía sobre mociones de reconsideración de sentencias dictadas por los tribunales de primera instancia. En 1937 la Legislatura aprobó la Ley Núm. 67 de 8 de mayo de ese año que enmendó el Art. 292 del Código de Enjuiciamiento Civil, ed. 1933, para disponer que una sentencia o providencia dictada en un pleito civil, excepto cuando hubiere adquirido el carácter de definitiva y firme, podía ser revisada de acuerdo con lo prescrito en dicha Ley Núm. 67 y de ningún otro modo; y que cualquier parte agraviada por una sentencia o resolución de una corte de distrito en una acción civil podría, dentro del término improrrogable de 15 días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, . . . radicar

en la corte que hubiere dictado la sentencia . . . una petición ex parte para la revisión o reconsideración de su sentencia haciendo constar en ella los hechos y los fundamentos de derecho sobre los cuales se basaba la solicitud. Si la corte resolvía reconsiderar su sentencia u oír a las partes sobre la moción de reconsideración, el término para apelar se computaría desde la fecha del archivo, como parte de los autos del caso, de una copia de la notificación hecha por el secretario de la corte a la parte perdidosa de la resolución definitiva del tribunal.

Las Reglas de Enjuiciamiento Civil de 1943 nada dispusieron sobre la reconsideración de una sentencia y término para apelar, por lo que la Ley Núm. 67 de 1937 enmendatoria del Art. 292 quedó en vigor hasta la vigencia de las Reglas de Procedimiento Civil de 1958. Cf. *Gual* v. *Tribunal de Distrito,* 71 D.P.R. 305 (1950); *Pérez* v. *Fernández,* 72 D.P.R. 260 (1951), pág. 265. El Art. 292 quedó derogado por estas Reglas. — Regla 72 —. Las Reglas de Procedimiento federal no contienen disposiciones iguales a las de la Ley Núm. 67, ni a las de la Regla 47 de 1958.

◼ Resolvimos que el referido término de 15 días era uno fatal, y que una moción de reconsideración radicada después de dicho término no confería jurisdicción al Tribunal para ningún procedimiento ulterior en tal sentido. *Las Monjas Racing Corp.* v. *Comisión Hípica,* 52 D.P.R. 445 (1937), págs. 446 y 447; *González* v. *American Surety Co.,* 71 D.P.R. 354 (1950). En este caso dijimos (pág. 358) . . . "en el de *Gual* v. *Tribunal de Distrito,* ante pág. 305, resolvimos que el término para radicar una moción de reconsideración se rige por el Art. 292, *supra,* y no por la Regla 59 (b) de las de Enjuiciamiento Civil, y en el caso de *Tefel* v. *Coane,* resuelto el 26 de enero de 1949 con opinión Per Curiam, aplicamos el Art. 292 *y desestimamos el recurso* por haberse radicado una moción de reconsideración de sentencia ante la corte inferior después de transcurridos quince días de archivada en autos copia de

la notificación y dijimos: '. . . Siendo ello así, lo único que debió hacer la corte inferior fue declararse inmediatamente sin jurisdicción . . .' " En el caso de *Las Monjas Racing Corp.*, ante, sostuvimos (pág. 447) que una moción de reconsideración no presentada en tiempo no interrumpe el término para apelar.

La Regla 47 no usa el vocablo "improrrogable" usado en la Ley de 1937 aunque usa el término *"dentro"*. Pero por la naturaleza del procedimiento mismo y el papel intermedio que juega la moción de reconsideración, enmarcada dentro de un plazo fijo de 30 días para apelar o solicitar revisión, y por su procedencia histórica, dicho término sigue siendo de naturaleza improrrogable. La razón es obvia. Dispone la Regla 53.1 (a) de 1958 que la apelación se formalizará presentando un escrito de apelación en la secretaría del tribunal que entendió en el caso dentro de los 30 días siguientes *"al archivo en autos de una copia de la notificación de la sentencia"*. Dispone el inciso (b) de esta Regla que la revisión se formalizará presentando una solicitud en la secretaría del Tribunal Supremo dentro de los 30 días siguientes *"al archivo en autos de una copia de la notificación de la sentencia dictada por el Tribunal Superior."* Y véase el inciso (d) de esta Regla 53.1.

Como el punto de partida, tanto para pedir una moción de reconsideración como para radicar un escrito de apelación o solicitar un recurso de revisión es el mismo, esto es, la fecha del archivo en los autos de una copia de la notificación de la sentencia, de poderse prorrogar el término de 15 días para solicitar reconsideración a discreción de los jueces, quedarían destruidos los términos fatales jurisdiccionales de 30 días fijados por ley para pedir revisión o radicar escrito de apelación. El término de 15 días de la Regla 47 es igualmente un término jurisdiccional de la misma manera en que fue considerado por nosotros bajo la Ley Núm. 67 de 1937 como parte del Art. 292 del Código de Enjuiciamiento Civil.

■ Por razón de lo anteriormente dicho no es aplicable a un caso como éste lo dispuesto en la Regla 68.4, ya que ésta se refiere al caso en que deba realizarse un acto en determinado período *"después de habérsele notificado un aviso u otro escrito"*, y de acuerdo con la Regla 47 para las mociones de reconsideración, al igual que de acuerdo con la Regla 53 para los casos de apelación y de revisión, el acto a realizarse tiene como punto de partida la fecha del archivo en autos de una copia de la notificación de la sentencia, que es una constancia de récord. Cf. *Figueroa Rivera* v. *Tribunal Superior*, 85 D.P.R. 82 (1962) .

■ Careciendo la Sala sentenciadora de jurisdicción para todos los procedimientos que realizó con posterioridad al lunes 10 de septiembre de 1962, siendo inexistente en derecho su resolución de 1ro. de febrero de 1963, el período para solicitar revisión nunca fue interrumpido a partir del 24 de agosto de 1962 y el recurso ante este Tribunal resulta fuera de término. Si bien la parte recurrida no ha levantado la cuestión, toca a los tribunales el deber de ser guardianes de su propia jurisdicción.

*Se anulará nuestra resolución de 29 de marzo de 1963 expidiendo el auto de revisión, por carecer de jurisdicción para ello.*