EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Asociación de Vecinos de Punta Las Marías Pro Seguridad, Inc.<br><br>Peticionarios<br><br>v.<br><br>Administración de Reglamentos y Permisos, Centro de Servicios de San Juan<br><br>Agencia-recurrida<br><br>Restaurante Che´s y/o Che´s, Inc., Sr. Roberto Alemán<br><br>Recurrido | Certiorari<br><br>2007 TSPR 25<br><br>170 DPR ____ |

Número del Caso: CC-2005-438

Fecha: 12 de febrero de 2007

Tribunal de Apelaciones:

        Región Judicial de San Juan-Panel IV

Juez Ponente:

        Hon. Charles Cordero Peña

Abogada de la Parte Peticionaria:

        Lcda. Maritza Rodríguez Alonso

Abogado de la Parte Recurrida:

        Lcdo. Rafael González Vélez

Materia: Revisión Administrativa

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Vecinos de Punta
Las Marías Pro Seguridad, Inc.
        Peticionarios

                                            *Certiorari*

            v.
                                    CC-2005-438
Administración de Reglamentos
y Permisos, Centro de Servicios
de San Juan
        Agencia-recurrida

Restaurante Che's y/o Che's,
Inc., Sr. Roberto Alemán
        Recurrido


            Opinión emitida por la Jueza Asociada señora FIOL MATTA


            En San Juan, Puerto Rico, a 12 de febrero de 2007.

            En este caso debemos determinar cuál es el foro con jurisdicción para revisar las decisiones de la Administración de Reglamentos y Permisos, en adelante ARPE, sobre los distritos de zonificación de interés turístico establecidos según las disposiciones del Reglamento de Zonificación de Puerto Rico. Resolvemos que dichos distritos de zonificación están ubicados en zonas de interés turístico designadas al amparo de la Ley de Zonas Históricas o Antiguas y de Interés Turístico, Ley 374 de 14 de mayo de 1949, según enmendada, por lo cual el Tribunal de Apelaciones es el foro con jurisdicción exclusiva para revisar esas determinaciones.

I

El Restaurante Che's está ubicado en la Calle Caoba, Esquina Laurel de la Urb. Punta Las Marías, en San Juan. Ocupa dos solares con zonificaciones distintas; el primero, el número 35 de la Calle Caoba, zonificado como distrito comercial turístico dos (CT-2) y el segundo, el número 33 de la Calle Caoba, zonificado como distrito residencial turístico tres (RT-3).

Esta zonificación surge del Mapa de Zonificación aplicable al Municipio de San Juan y se estableció conforme a los distritos de zonificación del Reglamento de Zonificación de Puerto Rico, Reglamento de Planificación Número 4, Reglamento núm. 6211 de 5 de noviembre de 2000. Cabe señalar que el sector en que ubican los dos solares bajo análisis no está regulado por ningún reglamento sobre zonificación especial.[1]

La Asociación de Vecinos de Punta Las Marías, en adelante la Asociación de Vecinos, presentó una querella ante ARPE solicitando que se investigaran los permisos de uso otorgados al Restaurante Che's. La Asociación alega que el restaurante está en violación de dichos permisos y que

---

[1] Hay reglamentos de zonificación especial aplicables a zonas históricas o antiguas y de interés turístico designadas al amparo de la Ley de Zonas Históricas o Antiguas y de Interés Turístico, Ley 374 de 14 de mayo de 1949, según enmendada. Ejemplo de estos reglamentos especiales son el Reglamento de Zonificación Especial del Condado, Reglamento núm. 3319 de 7 de junio de 1986, y el Reglamento de Sitios y Zonas Históricas, Reglamento de Planificación Núm. 5, Reglamento núm. 4923 de 14 de enero de 1993. En general, cuando la Junta de Planificación o los Municipios Autónomos adoptan mapas de zonificación a base de estos reglamentos especiales, éstos se aplicarán como zonas sobrepuestas a los mapas de zonificación establecidos al amparo del Reglamento de Zonificación de Puerto Rico. Sección 4.01 del Reglamento de Zonificación de Puerto Rico, Reglamento núm. 6211 de 5 de noviembre de 2000.

esto genera problemas de tránsito y estacionamiento en la entrada de su urbanización.

El 29 de diciembre de 2003, ARPE emitió una resolución en la cual recomendó no revocar los permisos del Restaurante Che's. En su resolución, ARPE advirtió a la Asociación de Vecinos sobre su derecho a presentar una moción de reconsideración ante la agencia, así como el derecho de acudir directamente ante la Junta de Apelaciones sobre Construcciones y Lotificaciones, en adelante JACL, si optaba por no solicitar la reconsideración.

Contrario a las advertencias de ARPE, la Asociación de Vecinos presentó un recurso de revisión administrativa ante el Tribunal de Apelaciones. El foro apelativo desestimó el recurso por falta de jurisdicción. Fundamentó su decisión en que la Ley Orgánica de ARPE, Ley 76 de 24 de junio de 1975, 23 L.P.R.A. sec. 71-72(i), establece en su artículo 31 que JACL tiene la facultad de revisar determinaciones de ARPE sobre permisos de uso de solares y áreas de estacionamiento que sean resueltas al amparo de los Reglamentos de Zonificación. 23 L.P.R.A. sec. 72(c).

La Asociación de Vecinos solicitó al tribunal que reconsiderara su decisión y ante la negativa de ese foro, el 13 de mayo de 2005 presentó un recurso de certiorari ante este Tribunal solicitando la devolución del caso al Tribunal de Apelaciones para que éste lo resolviera en sus méritos. La Asociación de Vecinos alega que según el artículo 5 de la Ley de Zonas Históricas o Antiguas y de Interés Turístico, Ley 374 de 14 de mayo de 1949, 23 L.P.R.A. sec. 165, y nuestra decisión en Mario Carabarín v. ARPE, 132 D.P.R. 938 (1993), el foro con jurisdicción para revisar una decisión de ARPE relacionada a una propiedad

ubicada dentro de una zona de interés turístico es el Tribunal de Apelaciones y no JACL.

Examinado el recurso, ordenamos a la parte recurrida que mostrara causa por la cual no debíamos expedir el auto solicitado, revocar la resolución del Tribunal de Apelaciones y devolver el caso a ese foro. El Restaurante Che's presentó una moción en cumplimiento de orden, pero la agencia recurrida ARPE no compareció.

II

La Ley de Zonas Antiguas o Históricas y Zonas de Interés Turístico, en adelante Ley 374, tiene entre sus propósitos el preservar los valores históricos de Puerto Rico y desarrollar el turismo mediante la conservación y protección de lugares y estructuras especiales, a través de la planificación armoniosa en estas zonas. Art. 1 de la Ley 374 de 14 de mayo de 1949, según enmendada, 23 L.P.R.A. sec. 161. Originalmente, esta ley sólo cobijaba a las zonas antiguas o históricas de Puerto Rico. Por esto, fue enmendada en 1972 para incluir dentro su alcance la designación de zonas de interés turístico. Ley Núm. 8 de 8 de junio de 1972.

La enmienda incorporó el concepto de "zona de interés turístico" a la ley con el objetivo de que toda obra dentro de esas zonas estuviera sujeta a una reglamentación especial creada en coordinación con la Compañía de Turismo de Puerto Rico. P. de la C. 1591, 18 de mayo de 1972, 6ta. Sesión Extraordinaria, 6ta. Asamblea Legislativa, pág. 44. De esta forma los legisladores reconocieron la importancia de promover una cuidadosa planificación en estas zonas:

> Es de público conocimiento el hecho de que el rápido desarrollo de la corriente turística ha causado la aparición de fenómenos de saturación y otros serios problemas en determinadas zonas más

favorecidas por la afluencia de visitantes, planteando la necesidad de buscar soluciones efectivas con urgencia mediante la debida coordinación de los esfuerzos necesarios de aquellos organismos que pueden y tienen el interés de solucionar correctiva y preventivamente las dificultades que hoy afrontamos. P. de la C. 1591, 18 de mayo de 1972, 6ta. Sesión Extraordinaria, 6ta. Asamblea Legislativa, pág. 44.

A partir de esta enmienda, para propósitos de la Ley 374 una "zona de interés turístico" es:

> (…)cualquier área de Puerto Rico que disponga como parte integrante de su ubicación geográfica o dentro de las inmediaciones de su localización, una serie de atractivos naturales y artificiales que estén actualmente desarrollados o que tengan un potencial turístico, tales como playas, lagos, bahías, lugares históricos y parajes de gran belleza natural, dentro de la cual los edificios, estructuras, belleza natural y otras cosas son de básica y vital importancia para el desarrollo del turismo en Puerto Rico. 23 L.P.R.A. sec. 163.

Esta definición destaca las características especiales de una zona de interés turístico, como por ejemplo sus recursos naturales, que llevaron al legislador a otorgarle a la Junta de Planificación la facultad de adoptar los reglamentos y normas que estime necesarios para una planificación a tono con el interés público en estas zonas. La Ley 374 explica, en lo pertinente, que tales reglamentos o normas deben ser coordinados con y requerirán el endoso de la Compañía de Turismo:

> La Junta de Planificación preparará y adoptará para su propia orientación y la del público, aquellos reglamentos, normas, planos, dibujos arquitectónicos, mapas, bosquejos o estudios que estime necesarios para las edificaciones o proyectos en estas zonas. Tales reglamentos, normas, planos, dibujos arquitectónicos, mapas, bosquejos o estudios serán coordinados con y requerirán el endoso de la Compañía de Turismo de Puerto Rico, en el caso de las zonas de interés turístico y del Instituto de Cultura Puertorriqueña, en el caso de las zonas antiguas o históricas. 23 L.P.R.A. sec.162.

En 1979, de conformidad con la autoridad delegada por la Ley 374 y al amparo de su Ley Orgánica,[2] la Junta de Planificación adoptó el Reglamento de Zonas de Interés Turístico, Reglamento de Planificación Número 16, Reglamento núm. 2539 de 29 de junio de 1979. Este reglamento se elaboró en coordinación con la Compañía de Turismo. Su principal objetivo era la protección y el mejoramiento de los ambientes urbanos y naturales que representan un interés turístico para el país. El reglamento contemplaba que el desarrollo del turismo estuviese enfocado en todos los aspectos de una planificación integrada. Reglamento de Zonas de Interés Turístico, Reglamento de Planificación Número 16, Reglamento núm. 2539 de 29 de junio de 1979.

En 1989, la Junta de Planificación decidió derogar el Reglamento de Zonas de Interés Turístico con el propósito expreso de incorporar las disposiciones relativas a las zonas de interés turístico en el Reglamento de Zonificación de Puerto Rico. Resolución RP-4-7-88, 17 de enero de 1989. Adoptó entonces el Reglamento núm. 3844 de 14 de enero de 1989, que actualmente corresponde al Reglamento de Zonificación de Puerto Rico vigente, el Reglamento núm. 6211 de 5 de noviembre de 2000. Ambos reglamentos, el de 1989 y el vigente, adoptaron la definición del concepto de "zonas de interés turístico", establecida en la Ley 374:

> Zona de Interés Turístico – Cualquier área de Puerto Rico que disponga como parte de su ubicación geográfica o dentro de las inmediaciones de su localización, una serie de atractivos naturales y artificiales que estén actualmente desarrolladas o que tengan un potencial turístico, tales como: playas, lagos, bahías, lugares

---

[2] Ley Orgánica de la Junta de Planificación de Puerto Rico, Ley Núm. 75 de 24 de junio de 1975, 23 L.P.R.A. secs. 62-64h.

históricos, edificaciones o ambientes de valor histórico- arquitectónicos y parajes de gran belleza natural, dentro de la cual las estructuras, belleza natural y otros elementos son de básica y vital importancia para el desarrollo del turismo en Puerto Rico, y que haya sido designada mediante resolución por la Junta de Planificación conforme a la Ley Núm. 374 del 14 de mayo de 1949, según enmendada. En una zona de interés turístico se podrán encontrar uno o más distritos de zonificación. Sec. 2.01-154 Reglamento núm. 3844 de 14 de enero de 1989. Véase además, Sec. 2.01 Reglamento núm. 6211 de 5 de noviembre de 2000, Art. 3 de la Ley 374 de 14 de mayo de 1949.

Conforme a esta definición, la Junta de Planificación añadió al Reglamento de Zonificación los distritos de zonificación de interés turístico, que están necesariamente ubicados en zonas de interés turístico. De esta forma, a partir de la autoridad que le fue delegada por la Ley 374, la Junta de Planificación desarrolló una reglamentación aplicable a zonas de interés turístico que ha sido incorporada en el Reglamento de Zonificación de Puerto Rico y que es la reglamentación aplicable en este caso.

La parte recurrida arguye que los dos solares sobre los que está construido el Restaurante Che's no están cobijados por la Ley 374. No tiene razón. El primero de estos solares está zonificado como distrito comercial turístico dos (CT-2) y el segundo como distrito residencial turístico tres (RT-3). Según el Reglamento de Zonificación estos distritos responden a los siguientes propósitos, respectivamente:

Propósito del Distrito CT-2 – Este distrito comercial turístico se establece para promover el desarrollo ordenado y estético, y para clasificar áreas comerciales y residenciales en Zonas de Interés Turístico de intensidad semi-alta. Los usos comerciales permitidos suplen las necesidades de varios vecindarios y de los visitantes al área. Sec. 32.01 Reglamento núm. 3844 de 14 de enero de 1989. Véase además, Sec. 41.01 Reglamento núm. 6211 de 5 de noviembre de 2000.

Propósito del Distrito RT-3 - Este distrito residencial se establece para promover el desarrollo ordenado y estético y para clasificar terrenos en las Zonas de Interés Turístico que por su localización se han desarrollado, o pueden desarrollarse, a una intensidad intermedia. Sec. 28.01 Reglamento núm. 3844 de 14 de enero de 1989. Véase además, Sec. 37.01 Reglamento núm. 6211 de 5 de noviembre de 2000.

Resulta evidente que los distritos de zonificación están ubicados en zonas de interés turístico, designadas por la Junta de Planificación al amparo de la autoridad delegada por la Ley 374. Por eso concluimos que estos distritos de zonificación de interés turístico están cobijados por las disposiciones especiales de dicha ley.

III

Veamos entonces cuál es el foro con jurisdicción para revisar las decisiones de ARPE sobre los distritos de zonificación establecidos en los dos solares que ocupa el Restaurante Che's.[3]

Las zonas de interés turístico de Puerto Rico son áreas compuestas de importantes elementos sociales, económicos y ambientales; no son meros centros de explotación económica para la industria turística. Estas zonas están en relación de dependencia con los recursos

---

[3] La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. Gearheart v. Haskell, 87 D.P.R. 57, 61 (1963). Todo foro adjudicativo viene llamado a velar por su propia jurisdicción y abstenerse de asumirla donde la ley no se la otorga, ya que cualquier actuación en ausencia de jurisdicción sería nula. Vázquez v. ARPE, 128 D.P.R. 513, 537 (1991). Véase además, Morán Ríos v. Marti Bardisona, 2005 T.S.P.R. 110, Brunet Justiniano v. Gobernador de P.R., 130 D.P.R. 248, 255 (1992). De igual forma, un foro adjudicativo administrativo no tiene discreción para asumir jurisdicción en un caso donde la ley no se la ha delegado. Martínez v. Junta de Planificación, 109 D.P.R. 839, 842 (1980). Tan esencial es que el foro adjudicativo tenga jurisdicción sobre la materia, que la falta de la misma puede ser planteada en cualquier etapa del procedimiento o por el tribunal motu propio. Lopez Rivera v. Autoridad Fuentes Fluviales, 89 D.P.R. 414, 419 (1963).

naturales que las enriquecen y además, representan centros

de desarrollo cultural para nuestro país. Ello nos requiere

propiciar un balance adecuado entre estos elementos, de

manera que el desarrollo en estas zonas sea verdaderamente

sustentable. Así lo reconoció la Junta de Planificación y

así lo requiere nuestra política pública ambiental:

> (…)[E]s política continua del Gobierno del Estado
> Libre Asociado, incluyendo sus municipios, en
> cooperación con las organizaciones públicas y
> privadas interesadas, el utilizar todos los medios
> y medidas prácticas, incluyendo ayuda técnica y
> financiera, con el propósito de alentar y promover
> el bienestar general y asegurar que los sistemas
> naturales estén saludables y tengan la capacidad
> de sostener la vida en todas sus formas, así como
> la actividad social y económica, en el marco de
> una cultura de **sustentabilidad**, para crear y
> mantener las condiciones bajo las cuales el hombre
> y la naturaleza puedan existir en armonía
> productiva y cumplir con las necesidades sociales
> y económicas y cualesquiera otras que puedan
> surgir con las presentes y futuras generaciones de
> puertorri-queños. (Énfasis suplido) Artículo 3.A
> de la Ley sobre Política Pública Ambiental de
> 2004, Art. 3.A Ley Núm. 416, de 22 de septiembre
> de 2004.

La decisión de incorporar en 1972 el concepto de

"zonas de interés turístico" en la Ley 374, respondió a la

necesidad de promover una cuidadosa planificación en estas

zonas. P. de la C. 1591, 13 de abril de 1972, 6ta. Sesión

Extraordinaria, 6ta. Asamblea Legislativa, pág. 696. La

exposición de motivos de la enmienda de 1987[4] a la Ley 374

explica, en lo pertinente:

---

[4] "[M]ediante la Ley Núm. 8 de 10 de octubre de 1987 (23 L.P.R.A. secs. 165-166) se expandió el ámbito de autoridad legal conferido a la J.P.P.R. y a otras agencias (Instituto de Cultura Puertorriqueña y Compañía de Turismo) para concederles potestad en cuanto a la disposición de alteraciones y modificaciones tradicionalmente bajo el exclusivo control del municipio donde ubica la zona histórica o turística, como lo son los cambios o modificaciones del tránsito tradicional o en la pavimentación o niveles de sus calles, aceras y avenidas, o modificaciones en la vegetación o en el mobiliario urbano." Mario Carabarín v. ARPE, 132 D.P.R. 938, 949-950 (1993)

Tanto las zonas antiguas o históricas como las zonas de interés turístico son de gran importancia y trascendencia para todo el pueblo puertorriqueño; es decir, trascienden el municipio o sector donde las mismas ubican. El Artículo VI, Sección 19, de nuestra Constitución reconoce la importancia de las zonas antiguas o históricas al establecer en su parte pertinente que será política pública del Estado Libre Asociado la conservación y mantenimiento de los lugares que sean declarados de valor histórico o artístico por la Asamblea Legislativa. Las zonas de interés turístico, que podrían coincidir con zonas antiguas o históricas, promueven el turismo, que es una actividad que constituye un renglón fundamental de nuestra economía. La preservación y mantenimiento con su valor histórico y turístico de las zonas antiguas o históricas y de interés turístico así declaradas, es **necesario e indispensable** para la preservación de nuestros valores culturales y para mantener lugares atractivos al turista para motivar su continua afluencia a los mismos. (Énfasis suplido) Exposición de motivos, Ley Núm. 8 de 10 de octubre de 1987.

Fue conforme a esta necesidad, que el legislador proporcionó un recurso de revisión directa al foro judicial de manera que las controversias que surjan en torno a estas zonas sean resueltas con la prontitud y eficiencia que éstas ameritan. Por eso, el artículo 5 de la Ley 374 dispone lo siguiente:

En caso de así rechazarse un permiso de construcción o desarrollo de proyecto, la parte solicitante podrá recurrir en revisión directamente al Tribunal de Primera Instancia, Sala de San Juan, o la Sala de ese tribunal correspondiente al lugar donde ubican dichas zonas, dentro del término de quince (15) días a partir de la fecha de notificación de tal resolución o acuerdo de la Administración de Reglamentos y Permisos; Disponiéndose, que dicha revisión se podrá conceder y se limitará exclusivamente a cuestiones de derecho. 23 L.P.R.A. sec. 165.

En 1993, en Mario Carabarín v. ARPE, 132 D.P.R. 938 (1993), al interpretar el alcance del artículo 5 de la Ley 374, resolvimos que el entonces Tribunal Superior era el foro con jurisdicción exclusiva para revisar las determinaciones de ARPE sobre una zona histórica o

turística designada al amparo de la Ley 374. Explicamos entonces que no se trataba de una situación de jurisdicción concurrente. La jurisdicción de JACL está claramente delimitada por el Artículo 31 de la Ley Orgánica de ARPE, Art. 31 de la Ley 76 de 24 de junio de 1975[5], y la misma no se extiende a las determinaciones de ARPE sobre casos en zonas antiguas o históricas ni de interés turístico. Carabarín v. ARPE, supra, 956-957. Véase además, Op. Sec. Just. Núm. 4 (1989).

Además, determinamos que el artículo 5 de la Ley 374 debe entenderse enmendado por las disposiciones de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, en adelante LPAU. Carabarín v. ARPE, supra, 952-953; véase también, Hernández v. Golden Tower Dev. Corp., 125 D.P.R. 744 (1990). Por eso, resolvimos que la revisión de una determinación de ARPE sobre una zona

---

[5] La Junta de Apelaciones tendrá facultad para entender exclusivamente en aquellos casos en que una parte directamente interesada o afectada por actuaciones, determinaciones o resoluciones de la Administración de Reglamentos y Permisos en relación con: permisos de construcción y de uso de edificios, permiso de uso de solares, para áreas de estacionamiento; casos y planos de lotificación simple; planos de lotificación; casos donde se solicite la dispensa del cumplimiento de requisitos de un Reglamento de Planificación mediante una concesión o autorización directa. Esta facultad se limita a aquellas decisiones emitidas al amparo de los Reglamentos de Zonificación, para Lotificaciones Simples, Lotificación y Edificación de Facilidades Vecinales, Reglamentos sobre Control de Edificaciones y Desarrollo de Terrenos en Zonas Susceptibles a Inundaciones y de reglamentos de emergencia que cubran asuntos incluidos en el ámbito de revisión de la Junta de Apelaciones pero no incluye lo siguiente: decisiones que tengan el efecto de alterar en forma alguna un Plan de Usos de Terrenos hasta donde éste haya sido adoptado por la Junta de Planificación; decisiones sobre la ubicación de proyectos, uso de terrenos, densidad, a nivel de consulta de ubicación, zonificaciones y rezonificaciones; Disponiéndose, que en el ejercicio de su facultad apelativa, la Junta de Apelaciones velará por que la misma no se utilice con el propósito o resultado de obviar las disposiciones reglamentarias vigentes. (…) 23 L.P.R.A. sec. 72 (c)(a). Véase además, Vázquez v. ARPE, 128 D.P.R. 513, 534-535, (1991).

histórica o turística estaba sujeta al término aplicable a los recursos de revisión administrativa establecido en la LPAU. Carabarín v. ARPE, supra, 952.

Finalmente, discutimos la importancia de que estas decisiones de ARPE fueran revisadas exclusivamente por el entonces Tribunal Superior:

> En estos casos el interés del legislador ha sido el de proveer un mecanismo adjudicativo rápido para la solución final de las controversias surgidas al amparo de los reglamentos de zonificación especial para estas zonas, canalizando el trámite procesal por la vía de la revisión judicial directa y exclusiva. Tal mecanismo no se visualizó con la intención de abrirle otra opción procesal a las partes afectadas, sino con el propósito de acelerar el fin de las controversias surgidas con miras a proteger el eminente interés social implicado. Carabarín v. ARPE, supra, 957.

Tras las enmiendas de 1995 a las secciones 4.1 y 4.2 de la LPAU, 3 L.P.R.A. sec. 2171 y 2172, y la aprobación de la Ley de la Judicatura de 2003, Ley Núm. 201 de 22 de agosto de 2003, actualmente corresponde al Tribunal de Apelaciones recibir y resolver los recursos de revisión administrativa. 4 L.P.R.A. sec. 24t. Por eso, acorde a lo resuelto en Carabarín v. ARPE, supra, el Tribunal de Apelaciones es el foro con jurisdicción exclusiva para revisar cualquier determinación de ARPE sobre una zona histórica o turística designada al amparo de la Ley 374. El Reglamento de Procedimientos Adjudicativos de la Administración de Reglamentos y Permisos, Reglamento núm. 6435 de 19 de abril de 2002 recoge esta normativa al establecer que el Tribunal de Apelaciones tiene jurisdicción exclusiva para revisar las actuaciones de ARPE sobre casos de proyectos ubicados en zonas de interés turístico. Id. sec. 23.00.

En Carabarín v. ARPE, supra, regía un reglamento de zonificación especial, el Reglamento de Zonificación Especial del Condado, Reglamento núm. 3319 de 7 de junio de 1986. Este reglamento fue promulgado por la Junta de Planificación a raíz de la autoridad que le fuera delegada por la Ley 374 y por su Ley Orgánica, la Ley Núm. 75 de 24 de junio de 1975. Ese reglamento contiene disposiciones especiales sobre las cinco zonas en las que se divide el área del Condado y contiene disposiciones especiales sobre los usos permitidos en cada una de las zonas, edificaciones, condiciones especiales en solares específicos y otras consideraciones.

Si bien no tenemos actualmente una reglamentación especial para zonas de interés turístico, ni una reglamentación especial aplicable al área o sector aquí involucrado, los distritos de zonificación aplicables en este caso están ubicados en zonas de interés turístico que fueron designadas como tales al amparo de la Ley 374. Así surge de la evolución de la reglamentación aplicable a zonas de interés turístico que hoy día está incorporada en el Reglamento de Zonificación de Puerto Rico.

La decisión de ARPE impugnada por la Asociación de Vecinos trata sobre unos permisos de uso otorgados para unos distritos de zonificación de interés turístico incorporados al Reglamento de Zonificación de Puerto Rico. Por lo tanto, el Tribunal de Apelaciones es el foro con jurisdicción exclusiva para revisar dicha determinación.

IV

En este caso, la resolución emitida por ARPE advirtió a las partes incorrectamente que JACL era el foro al que debían acudir en revisión. A pesar de la notificación

incorrecta de ARPE, la Asociación de Vecinos presentó su recurso de revisión de decisión administrativa ante el Tribunal de Apelaciones dentro del término requerido. Dicho tribunal erró al desestimar el recurso por falta de jurisdicción. Se revoca la resolución del Tribunal de Apelaciones y se devuelve el caso al foro apelativo para que sea resuelto en sus méritos.

Se dictará sentencia de conformidad.


Liana Fiol Matta
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Vecinos de Punta
Las Marías Pro Seguridad, Inc.
        Peticionarios

*Certiorari*

                v.

                                        CC-2005-438

Administración de Reglamentos
y Permisos, Centro de Servicios
de San Juan
        Agencia-recurrida

Restaurante Che's y/o Che's,
Inc., Sr. Roberto Alemán
        Recurrido


*SENTENCIA*


En San Juan, Puerto Rico, a 12 de febrero de 2007.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca la resolución del Tribunal de Apelaciones y se devuelve el caso al foro apelativo para que sea resuelto en sus méritos.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo