ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III-ESPECIAL

| PEDRO J. LAVERGNE VÁZQUEZ<br><br>Recurrente<br><br>V.<br><br>JUNTA DE PLANIFICACIÓN DE PUERTO RICO<br><br>Recurrido | KLRA202400343 | Revisión Judicial procedente de la Junta de Planificación de Puerto Rico<br><br>Caso Núm.: 2019-SRQ-004734<br><br>Sobre: Paralización de Obra Iniciada sin contar con los permisos correspondientes o incumpliendo con las disposiciones y condiciones del permiso otorgado |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de agosto de 2024.

Comparece el señor Pedro Lavergne Vázquez, en adelante el señor Lavergne o el recurrente, quien solicita que revoquemos la *Resolución*, emitida y notificada el 15 de mayo de 2024. Mediante la misma, la Junta de Planificación, en adelante la JP o la recurrida, ordenó el archivo la *Querella* presentada por el recurrente.

Por los fundamentos que expondremos a continuación, se desestima la determinación recurrida por falta de jurisdicción, por académica.

**-I-**

Surge del expediente que el señor Lavergne presentó una *Querella* contra Andrés Muñiz y/o MUDI, S.E., en adelante MUDI.[1] En esencia, adujo que MUDI incumplió con lo aprobado en el Permiso de Extracción Simple y solicitó la paralización de las labores de MUDI en la Reserva Natural de la Cuevas en Caguas, así como la reparación de los daños causados a la zona.

Por su parte, la JP razonó que, conforme a los hallazgos, producto de la inspección ocular realizada por uno de sus agentes, "al momento de la investigación, la parte querellada [recurrida] se encuentra en cumplimiento con el permiso expedido e igualmente con las leyes y reglamentos…".[2] Así pues, procedió a ordenar el archivo de la *Querella* Núm. 2019-SRQ-004734.[3]

Insatisfecho, el recurrente presentó una *Solicitud de Reconsideración*.[4] Destacó que la investigación del agente de la JP se realizó pasados cuatro meses de haberse presentado la *Querella*. A su entender, esto incidió en que no encontrara máquinas realizando la labor de extracción o ningún indicio de construcción. Así pues, arguyó que la JP basó su determinación únicamente en la inspección realizada por el agente sin entrar en los méritos para dilucidar los asuntos en controversia. **Por consiguiente, solicitó dejar sin efecto la *Resolución* y celebrar una vista adjudicativa y/o continuar los procedimientos conforme a derecho.**

---

[1] Apéndice del recurrente, págs. 9-12.
[2] *Id.*, págs. 2-5.
[3] *Id*.
[4] *Id.*, págs. 6-8.

Por su parte, la recurrida no se expresó sobre la *Reconsideración* dentro del término establecido en la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 30-2017.

Aun insatisfecho, el señor Lavergne comparece ante este foro mediante recurso de *Revisión Judicial* y alega la comisión de los siguientes errores:

ERRÓ LA JUNTA DE PLANIFICACIÓN AL EMITIR RESOLUCIÓN DE ARCHIVO SIN LA CELEBRACIÓN DE UNA VISTA ADJUDICATIVA EN VIOLACIÓN AL DEBIDO PROCESO DE LEY QUE DEBE IMPERAR AUN EN LOS PROCEDIMIENTOS ADJUDICATIVOS ANTE UNA AGENCIA.

ERRÓ LA JUNTA DE PLANIFICACIÓN AL EMITIR RESOLUCIÓN DE ARCHIVO CUANDO EXISTÍAN HECHOS MATERIALES EN CONTROVERSIA Y/O ALEGACIONES SIN REFUTAR QUE NO PODÍAN SER CORROBORADAS MEDIANTE UNA INSPECCIÓN DE LA FINCA CUATRO MESES DE PRESENTADA LA QUERELLA.

La recurrida compareció oportunamente y declaró lo siguiente: **"la Junta está conteste con lo peticionado ante este Honorable Tribunal por la recurrente de epígrafe en torno a que procede dejar sin efecto la resolución del 15 de mayo de 2024 disponiendo el archivo de la querella núm. 2019-SRQ-004734 y disponer para la celebración de una vista en la que se permita a la aquí recurrente presentar prueba de lo alegado en la querella núm. 2019-SRQ-004734."** (Énfasis suplido)

Luego de revisar los escritos de las partes y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

La jurisdicción, fuente principal de la autoridad de los tribunales para interpretar y hacer cumplir las leyes, está regulada por la aplicación de diversas doctrinas que dan lugar al principio de justiciabilidad, a saber: la legitimación activa, **la academicidad** y la cuestión política. Como corolario de lo anterior, previo a la evaluación de los méritos de un caso, los tribunales debemos determinar si la controversia ante nuestra consideración es justiciable.[5] Esto obedece a que los tribunales sólo tenemos facultad para resolver controversias genuinas dentro de una situación adversativa en la cual las partes tengan un interés real de obtener un remedio que haya de afectar sus relaciones jurídicas.[6]

En lo aquí pertinente, la doctrina de academicidad "constituye una de las manifestaciones concretas del concepto de justiciabilidad, que a su vez acota los límites de la función judicial".[7] Así pues, un caso se torna académico cuando en el mismo **se trata de obtener un fallo sobre una controversia inexistente**, o una sentencia sobre un asunto, el cual, por alguna razón, no podrá tener efectos prácticos.[8] Así mismo, una controversia que en sus inicios era justiciable se puede convertir académica cuando los

---

[5] *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 738 (2022); *Torres Montalvo v. Gobernador ELA*, 194 DPR 760, 766 (2016); *Díaz Díaz v. Asoc. Res. Quintas San Luis*, 196 DPR 573, 577 (2016).
[6] *Hernández, Santa v. Srio. de Hacienda*, *supra*; *Suárez Cáceres v. Com. Estatal Elecciones*, 176 DPR 31, 60 (2009); *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360, 370 (2002).
[7] *Pueblo v. Ramos Santos*, 138 DPR 810, 824 (1995).
[8] *Super Asphalt v AFI y otro*, 206 DPR 803, 816 (2021); *San Gerónimo Caribe Project v. ARPe*, 174 DPR 640, 652 (2008); *RBR Const., SE v. AC*, 149 DPR 836, 846 (1999). (Énfasis suplido)

cambios fácticos o judiciales acaecidos durante el trámite judicial tornan ficticia su solución, adviniendo así en una opinión consultiva sobre asuntos abstractos de derecho.[9] Consecuentemente, la doctrina en cuestión **"requiere que durante todas las etapas de un procedimiento adversativo, incluso la etapa de apelación o revisión, exista una controversia genuina entre las partes"**.[10]

Finalmente, una vez un tribunal determina que un caso es académico, por imperativo constitucional (ausencia de 'caso o controversia') o por motivo de autolimitación judicial, debe abstenerse de considerarlo en sus méritos.[11]

**B.**

El Tribunal Supremo de Puerto Rico ha resuelto que los tribunales deben ser celosos guardianes de su jurisdicción, viniendo obligados a considerar dicho asunto aún en ausencia de señalamiento a esos efectos por las partes, esto es, *motu proprio*.[12] Así, el tribunal que no tiene la autoridad para atender un recurso, sólo tiene jurisdicción para así declararlo y desestimar el caso.[13] Además, si un tribunal carece de jurisdicción también carece de discreción para asumir

---

[9] *Super Asphalt v AFI y otro*, *supra*; *PPD v. Gobernador I*, 139 DPR 643, 675-676 (1995). Véase, además, *Pueblo v. Díaz, Rivera*, 204 DPR 472, 481 (2020).
[10] *Pueblo v. Ramos Santos*, *supra*, pág. 824. Véase, además, *Hernández, Santa v. Srio. de Hacienda*, *supra*. (Énfasis suplido)
[11] *Super Asphalt v AFI y otro*, *supra*; *Pueblo v. Díaz, Rivera*, *supra*; *San Antonio Maritime v. PR Cement Co.*, 153 DPR 374, 387 (2001).
[12] *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP v CLE*, 196 DPR 289, 296 (2016); *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013); *Juliá v. Epifanio Vidal, SE*, 153 DPR 357, 362 (2001); *Vázquez v. ARPE*, 128 DPR 513, 537 (1991); *López Rivera v. Aut. de Fuentes Fluviales*, 89 DPR 414, 419 (1963).
[13] *Ruiz Camilo v. Trafon Group Inc.*, *supra*, pág. 269.

jurisdicción donde la ley no la confiere.[14] En síntesis, la falta de jurisdicción no puede ser subsanada, ni el Tribunal puede arrogársela.[15]

## -III-

En esencia, el recurrente solicita la revocación de la *Resolución* de archivo y que se ordene la celebración de una vista adjudicativa.

Por su parte, la recurrida se allanó al recurso solicitado por el señor Lavergne y consintió en dejar sin efecto la *Resolución* recurrida y celebrar una vista "en la que se permita a la aquí recurrente presentar prueba de lo alegado en la querella núm. 2019-SRQ-004734".

En la medida en que la JP acogió lo solicitado por el recurrente, la controversia se torna inexistente y, en consecuencia, la solución que pueda ofrecer este foro intermedio sería ficticia. En síntesis, la controversia ante nuestra consideración se ha convertido en académica y, por lo tanto, carecemos de jurisdicción para atenderla en sus méritos.

## -IV-

Por los fundamentos previamente expuestos, se desestima la determinación recurrida por falta de jurisdicción, por académica.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. El juez Bonilla Ortiz disiente. La parte recurrida se allanó a que se

---

[14] *Id.*

[15] *Fuentes Bonilla v. ELA,* 200 DPR 364, 372-373 (2018); *Peerless Oil v. Hermanos Torres Pérez*, 186 DPR 239, 249 (2012); *Szendrey v. F. Castillo*, 169 DPR 873, 883 (2007); *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976).

revoque el dictamen impugnado para que se lleve a cabo una vista administrativa. Ante la aceptación de la parte recurrida procede revocar y ordenar la vista administrativa.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones