NOÉ HERNÁNDEZ O'FARRIL, querellante y recurrido, *v.* GOLDEN TOWER DEVELOPMENT CORPORATION y REXACH CONSTRUCTION COMPANY, INC., querelladas y peticionarias.

*Número:* CE-89-515     *Resuelto:* 16 de marzo de 1990

*Thomas Doran Gelabert*, de *García & González*, abogado de Rexach Construction Company, Inc., peticionaria; *Antonio Gnocchi-Franco*, abogado de Golden Tower Development Corporation, peticionaria; *Mario A. Rodríguez Torres*, abogado del recurrido; *Ivette Acosta Hernández*, abogada del Departámento de Asuntos del Consumidor (D.A.C.O.).

PER CURIAM: En el caso de epígrafe el Departamento de Asuntos del Consumidor (D.A.C.O.) originalmente dictó Resolución y Orden el día 6 de marzo de 1989. Las querelladas peticionarias Golden Tower Development Corp. y Rexach Construction Co., Inc., solicitaron, en tiempo, reconsideración de la misma ante dicho organismo administrativo. El D.A.C.O. ratificó su decisión original mediante Resolución y Orden *de fecha 14 de abril de 1989*. Las aquí peticionarias acudieron ante el Tribunal Superior de Puerto Rico, Sala de Carolina, en revisión judicial de la determinación administrativa emitida mediante escrito a esos efectos, *radicado ante dicho foro el 9 de mayo de 1989*.

El tribunal de instancia,[1] mediante sentencia de fecha 23 de junio de 1989, desestimó el recurso de revisión judicial radicado por el fundamento de que la parte peticionaria ha-

---

[1] Hon. Jeannette Ramos Buonomo, Juez Superior.

bía radicado el mismo fuera del término de quince (15) días provisto por el Art. 17 de la Ley Núm. 5 de 23 de abril de 1973,[2] 3 L.P.R.A. sec. 341p(a).[3]

Las aquí peticionarias solicitaron la reconsideración de la referida sentencia desestimatoria. No habiendo actuado sobre dicha moción el tribunal de instancia en el término provisto por la Regla 47 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III),[4] éstas acudieron, vía *certiorari*, ante este Tribunal en revisión de la citada sentencia. Al así hacerlo, le imputaron al foro de instancia haber errado "al desestimar el recurso de revisi[ó]n interpuesto por las querelladas recurrentes apoyándose *aisladamente* en el t[é]rmino provisto en 3 LPRA 341p(a)". (Énfasis suplido.) Solicitud de revisión, pág. 3.

Mediante Resolución de fecha 24 de agosto de 1989, una sala especial de verano de este Tribunal le concedió término a la parte querellante[5] para que mostrara causa por la cual este Tribunal no debía expedir el auto de *certiorari* radicado y dictar sentencia revocatoria de la emitida por el foro de instancia en vista "de las disposiciones de la Ley Núm. 170 del 12 de agosto de 1988, *la cual establece un término uni-*

---

(2) Ley Orgánica del Departamento de Asuntos del Consumidor.

(3) La citada disposición legal dispone, en lo pertinente, que:

"(a) Cualquier parte adversamente afectada por una decisión en reconsideración del Secretario o del funcionario que éste designe a tenor con el inciso (d) de la sec. 341e de este título podrá solicitar la revisión judicial de dicha decisión al Tribunal Superior del Estado Libre Asociado de Puerto Rico, en la Sala del Tribunal Superior correspondiente a la residencia del perjudicado, mediante un recurso emitido por el Tribunal a su discreción. La solicitud de revisión deberá ser radicada ante el Tribunal Superior dentro de los quince (15) días a partir de la fecha de la notificación de la referida decisión." 3 L.P.R.A. sec. 341p(a).

(4) Resulta pertinente señalar que la Hon. Juez Ramos Buonomo, mediante comparecencia ante este Tribunal de fecha 28 de agosto de 1989, informó que ella no actuó sobre la moción de reconsideración radicada por razón de que la misma fue traída a su atención una vez había transcurrido el término que para ello provee la citada Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

(5) La parte querellante la componen el Departamento de Asuntos del Consumidor (D.A.C.O.) y el consumidor querellante, Sr. Noé Hernández O'Farril.

*forme de treinta (30) días para radicar el recurso de revisión judicial"*. (Énfasis suplido.) Contamos con el beneficio de las comparecencias tanto de D.A.C.O. como la del querellante original ante él, el Sr. Noé Hernández O'Farril. Procede resolver según lo intimado en la orden de mostrar causa emitida.

## I 

Conforme se expresa en la exposición de motivos de la citada Ley Núm. 170 de 12 de agosto de 1988,(6) conocida como la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico:

> Durante las últimas cuatro décadas la política pública del país ha estado inspirada en el desarrollo económico, la justicia social y la eficiencia administrativa. Dicha política pública ha sido instrumentada por una administración pública que ha promovido y facilitado el desarrollo económico y social del país en pocas décadas y a niveles insospechados para un pueblo en desarrollo.
>
> La dinámica de este desarrollo ha requerido la inventiva e imaginación de los administradores públicos en la creación de nuevas estructuras administrativas sin la debida planificación y uniformidad en el proceso decisional administrativo. *Existen en la actualidad alrededor de ciento veinte (120) departamentos, instrumentalidades, administraciones, juntas, oficinas y corporaciones públicas con procedimientos administrativos ad hoc —exclusivos para cada agencia— para reglamentar el proceso de adoptar reglas, reglamentos, resoluciones, órdenes o decisiones.*
>
> El Estado Libre Asociado de Puerto Rico carece de un cuerpo de reglas que pauten y brinden uniformidad a dicho proceso decisional como los que existen al nivel federal, estatal y en la totalidad de las jurisdicciones extranjeras. *La ausencia de tal uniformidad produce inestabilidad y confusión a la cuidadanía que vive sujeta a reglamentaciones complejas y desconocidas.*

_____

(6) 3 L.P.R.A. secs. 2101–2201.

La medida sistematiza y crea un cuerpo uniforme de reglas mínimas *que toda agencia* deberá observar al formular reglas y reglamentos que definan los derechos y deberes legales de una clase particular de personas. Contiene, además, otro cuerpo de normas distintas para gobernar las determinaciones de una agencia en procesos adjudicativos al emitir una orden o resolución que define los derechos y deberes legales de personas específicas.

*La legislación establece, además, un procedimiento uniforme de revisión judicial a la acción tomada por la agencia al adoptar un reglamento o al adjudicar un caso.* Dispone, además, para la utilización máxima de procedimientos informales antes de agotar la etapa formal decisional.

Esta ley se inspira en el propósito de brindar a la ciudadanía servicios públicos de alta calidad, eficiencia, esmero, prontitud, *y se aplicará e interpretará liberalmente para alcanzar dichos propósitos con el resguardo de las garantías básicas al debido procedimiento de ley.* (Énfasis suplido.) 1988 Leyes de Puerto Rico 825–826.

De una somera lectura de la antes transcrita "exposición de motivos" de la citada Ley Núm. 170, resulta meridianamente claro que fue la expresa intención del legislador —al crear o establecer *un procedimiento uniforme de revisión judicial,* relativo el mismo a la revisión de las decisiones o determinaciones tomadas por las agencias administrativas o departamentos del Estado Libre Asociado de Puerto Rico, a las cuales dicha ley aplica— *la de que esta ley prevalezca sobre toda disposición legal, relativa a una agencia en particular, que sea contraria a las disposiciones de la misma.*(7)

Un examen de las disposiciones de las Secs. 1.3(a) y 1.4 de la citada Ley Núm. 170,(8) revela que el D.A.C.O. es

---

(7) Naturalmente, las disposiciones procesales contenidas en leyes generales o especiales que regulan los procedimientos ante las agencias que sean compatibles con el espíritu y el contenido de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico no quedan derogadas.

(8) 3 L.P.R.A. secs. 2102(a) y 2103, respectivamente.

una de las agencias o departamentos del Estado Libre Asociado de Puerto Rico a las que cobija o aplica las disposiciones de la referida Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico. Por otro lado, tenemos que la Sec. 4.2 de la citada Ley Núm. 170,[9] claramente establece que una parte adversamente afectada por una orden o resolución de una agencia cobijada por dicha ley, y que haya agotado todos los remedios provistos por la agencia, "podrá presentar una solicitud de revisión ante el Tribunal Superior con competencia *dentro de un término de treinta (30) días* contados a partir de la fecha de archivo en autos de la copia de la notificación de la orden o resolución final de la agencia". (Énfasis suplido.)

■ Forzosa, en consecuencia, es la conclusión de que el recurso de revisión que ante el tribunal de instancia radicaran las aquí peticionarias estaba en tiempo. Ello es así por cuanto no hay duda que el término a aplicar lo es el de treinta (30) días establecido por la antes citada Sec. 4.2 de la Ley Núm. 170 y no el de quince (15) días dispuesto por el Art. 17 de la Ley Orgánica del Departamento de Asuntos del Consumidor.[10] Los señores jueces de instancia, y la profesión en general, deberán mantener presente tanto ésta, como las otras disposiciones de la referida Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico en la consideración de futuros recursos de revisión judicial.[11]

---

[9] 3 L.P.R.A. sec. 2172.

[10] El recurso, en revisión de la decisión de D.A.C.O., fue radicado por las peticionarias ante el tribunal de instancia a los veinticinco (25) días de haber sido emitida la misma.

[11] La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico fue enmendada por la Ley Núm. 43 de 5 de agosto de 1989.

Por los fundamentos antes expuestos, *se expide el auto de "certiorari" radicado y se dictará sentencia revocatoria de la emitida en el presente caso por el Tribunal Superior de Puerto Rico, Sala de Carolina, devolviéndose el caso a dicho foro para procedimientos ulteriores compatibles con lo aquí resuelto.*