Segarra Olivero, Juez Ponente
*844 TEXTO COMPLETO DE LA SENTENCIA
Armando Batista Montañez, en adelante el recurrente, nos solicita la revisión de una decisión emitida por el Oficial Examinador designado por la Autoridad de Energía Eléctrica de Puerto Rico (A.E.E.) mediante la cual se desestimó la querella presentada por éste bajo el número de cuenta 032-0155056-001.
Por los fundamentos que exponemos más adelante, desestimamos el presente recurso.
I
Luego de realizar diversas gestiones administrativas dirigidas a lograr un ajuste en la factura de electricidad correspondiente a la cuenta núm. 032-0155056-01, el 20 de mayo de 1999, el recurrente objetó la misma al amparo del procedimiento establecido en la Ley Núm. 33 de 27 de junio de 1985, 27 L.P.R.A. secs. 262 y ss., conocida como la Ley para Establecer Requisitos Procesales Mínimos para la Suspensión de Servicios Públicos Esenciales, en lo sucesivo Ley Núm. 33.
El 28 de febrero de 2002, la A.E.E. le refirió el caso a un oficial examinador externo para que dilucidara la querella de conformidad con las disposiciones de la Ley Núm. 33. La vista en los méritos fue señalada inicialmente para el 3 de mayo de 2002, pero fue pospuesta para el 17 de julio de 2002 a petición de la representante legal de la A.E.E.
El 28 de febrero de 2003, el Oficial Examinador emitió la resolución de la cual se recurre ante nos en la que desestimó la querella presentada por el recurrente por falta de interés en el trámite del caso.
En dicha resolución se le apercibió a la recurrente de su derecho a solicitar la revisión judicial de dicha determinación ante el Tribunal de Circuito de Apelaciones dentro de un término de treinta (30) días contados a partir de la notificación de la misma. 
El 13 de marzo de 2003, el recurrente presentó una moción de reconsideración ante el Oficial Examinador, la cual no fue resuelta. Así las cosas, el 31 de marzo de 2003, el recurrente acudió ante nos mediante el presente recurso de revisión administrativa en el que sostiene que erró el Foro recurrido al "desestimar la querella presentada por el fundamento de falta de interés del querellante".
El 17 de junio de 2003, le concedimos un término a la A.E.E. para que mostrara causa por la cual no debía revocarse la resolución recurrida. Posteriormente, emitimos otra resolución en la que le ordenamos a la A.E.E. que nos informara si el Ledo. Alejandro García Padilla, quien firmó la resolución recurrida, es un empleado o funcionario de dicha corporación pública designado como Juez Administrativo para adjudicar el caso de autos. Además, le requerimos a la A.E.E. que nos informara si a tenor con la sección 5-d del Reglamento 4109, aprobado el 12 de febrero de 1990, la decisión del mencionado oficial examinador fue aprobada por el Director Ejecutivo de la A.E.E.
Dicha parte ha comparecido. Nos encontramos en posición de resolver.
II
Como intimamos en la resolución dirigida a la A.E.E., entendemos que antes de entrar a considerar los méritos del recurso del título es preciso que examinemos si la resolución recurrida es una final y, por tanto, revisable por este Foro. El análisis de dicha cuestión requiere el estudio de varias disposiciones legales.
*845 La A.E.E. sostiene que la situación de autos se rige por las disposiciones de la Ley Núm. 33 y por el Reglamento sobre Términos y Condiciones Generales para el Suministro de Energía Eléctrica, Reglamento Núm. 3326 de 1 de septiembre de 1986 (Reglamento Núm. 3326), en los cuales se establece un procedimiento para la objeción de facturas por electricidad y específicamente se le remite la querella a un abogado examinador o árbitro externo para su adjudicación. Véanse, Art. 1 (f) de la Ley Núm. 33, 27 L.P.R.A. sec. 262b (f), y Sección IX (E) (2) (a) del Reglamento Núm. 3326. Entendemos que no le asiste la razón a la A.E.E.
La Ley Núm. 33 fue aprobada en el 1985 con el propósito de garantizar a los abonados o usuarios una adecuada oportunidad de objetar la corrección y procedencia de los cargos facturados, una adecuada notificación de la decisión de suspenderle el servicio por falta de pago y garantizar la adecuada divulgación de la totalidad del procedimiento establecido. Artículo 1 de la ley, 27 L.P.R.A. see. 262. La misma es de aplicación a la Autoridad de Energía Eléctrica. Art. 2, 27 L.P.R.A. sec. 262(a).
El Artículo 3 de dicha Ley, 27 L.P.R.A. sec. 262(b), dispone que:

“Toda autoridad, corporación pública u otra instrumentalidad gubernamental que provea servicios esenciales a la ciudadanía dispondrá un procedimiento administrativo para la suspensión del servicio por falta de pago que deberá ajustarse para conceder los mecanismos y garantías mínimas al abonado, conforme al procedimiento dispuesto a continuación:

(a) A partir del envío de una factura de cobro por concepto de pagos de tarifas, derechos, rentas u otros cargos facturados, por servicios esenciales, el abonado tendrá quince (15) días para pagar u objetar y solicitar una investigación de la misma ante el funcionario designado en la oficina local donde ubica la estructura que recibe el servicio, quien estará facultado para corregir errores o sobrecargos.

(b) La instrumentalidad deberá concluir la investigación e informarle el resultado de la misma al abonado dentro de los sesenta (60) días de la objeción original, y en aquellos casos en que se requiera un tiempo adicional, la instrumentalidad, si así lo determinara, lo hará según lo dispuesto en las sees. 2101 et seq. del Título 3. El resultado de la investigación se le notificará al abonado por escrito quien, si el resultado de la investigación le es adverso, tendrá diez (10) días a partir de la notificación para pagar la factura o para objetar la decisión del funcionario de la Oficina local ante otro funcionario designado representante de la región o distrito en que el usuario recibe el servicio, quien tendrá veinte (20) días a partir de la fecha de objeción para resolver tal solicitud.

(c) La decisión del funcionario de la región o distrito se le notificará por escrito al abonado, quien, si la decisión le es adversa, tendrá diez (10) días a partir de la notificación para pagar o solicitar una revisión de esa decisión y vista ante el director ejecutivo de la autoridad concernida.

(d) En ningún momento mientras se desarrollen estos procedimientos administrativos, la instrumentalidad podrá suspender el servicio.

(e) Si el abonado solicita la revisión y vista administrativa dispuesta en el inciso (c) anterior, deberá pagar, previo a la celebración de la vista, una cantidad igual al promedio de la facturación de consumo mensual o bimensual, según fuere el caso, tomándose como base el historial de consumo del abonado durante los 12 meses precedentes. En los casos de abonados con menos de 12 meses de servicio, se considerará para el promedio de la facturación el tiempo durante el cual el servicio haya sido utilizado.

(f) En esta última etapa, la instrumentalidad nombrará a un abogado que no será empleado de la misma para que actúe como examinador o árbitro y dilucide los planteamientos del abonado, dentro de los noventa (90) días siguientes a la fecha en que se hubiere sometido el caso.

*846
(g) Si el examinador o árbitro resuelve en contra del abonado y confirma la exigibilidad del pago de la factura, el abonado deberá pagar el balance de la deuda en un plazo de veinte (20) días a partir de la notificación de la decisión. La instrumentalidad podrá, a su discreción, establecer un plan de pago de la deuda. Si el abonado no cumple con el pago, la instrumentalidad podrá suspender, desconectar y dar de baja el servicio.

(h) El abonado tendrá veinte (20) días a partir de la notificación de la decisión del examinador o árbitro para recurrir en revisión al Tribunal Superior de Puerto Rico, conforme a las disposiciones de las secs. 1 et seq. del Título 4, y a las Reglas Aplicables a los Recursos para la Revisión de Decisiones Administrativas ante el Tribunal Superior, Ap. VIII del Título 4. El tribunal revisará la decisión del Examinador a base del récord administrativo y sólo en cuanto a las conclusiones de derecho; las determinaciones de hechos serán concluyentes para el tribunal si están sostenidas por evidencia sustancial. ” (Enfasis nuestro.)
El Reglamento de Términos y Condiciones Generales para el Suministro de Energía Eléctrica, Reglamento Núm. 3326 de la A.E.E., en su Sección IX, recoge las garantías mínimas establecidas en el Artículo 3 de la Ley Núm. 33.
Si bien las anteriores disposiciones legales y reglamentarias son aplicables a la situación de autos y las mismas permiten que un oficial examinador que no es empleado de la A.E.E. intervenga en controversias como las de autos, aquéllas no pueden contravenir las normas promulgadas en la Ley Núm. 170 de 12 de agosto de 1988, conocida como Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. secs. 2101 y ss.
El Art. 4.002(g) de la Ley de la Judicatura de 1994, 4 L.P.R.A. sec. 22K(g), establece que el Tribunal de Circuito de Apelaciones conocerá mediante auto de revisión a ser expedido a su discreción, en aquellos recursos que se deriven de las decisiones, reglamentos, órdenes y resoluciones de cualquier agencia administrativa, de acuerdo con los términos y condiciones establecidos por la Ley de Procedimiento Administrativo Uniforme.
El propósito que animó al legislador a la aprobación de la Ley de Procedimiento Administrativo Uniforme —como lo indica claramente su título — , fue el de establecer un cuerpo de reglas mínimas que proveyeran uniformidad al proceso decisorio de la administración pública. Pagán Ramos v. F.S.E., 129 D.P.R. 888 (1992). El ámbito de esta Ley es abarcador, pues aplica a todos los procedimientos conducidos ante todas las agencias que no estén expresamente exceptuadas por dicha legislación. 3 L.P.R.A. see. 2103. Conforme a los términos del estatuto, todos los organismos gubernamentales autorizados por ley a reglamentar, investigar, acusar o adjudicar están incluidos. 3 L.P.R.A. sec. 2102(a). La Ley de Procedimiento Administrativo Uniforme sustituye los procedimientos de las agencias que sean incompatibles con sus disposiciones y, en cuanto a los procedimientos no provistos por el estatuto, dispone que las agencias deberán reglamentar su práctica, conforme a las disposiciones de ésta. Pagán Ramos v. F.S.E., supra, a las págs. 901 y 902. Nuestro Tribunal Supremo ha resuelto que este cuerpo legal prevalecerá sobre toda disposición legal, relativa a una agencia en particular, que sea contraria a las disposiciones de la misma. Hernández v. Golden Tower Dev. Corp., 125 D.P.R. 744 (1990).
La Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. see. 2172, establece que una parte adversamente afectada por una orden o resolución final de una agencia, y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión ante este Tribunal dentro de un término de 30 días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia.
A tales fines, la Sección 3.14 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2164, establece que una orden o resolución final de una agencia, para poder ser considerada como tal, "deberá ser firmada por el Jefe de la agencia o cualquier otro funcionario autorizado por ley". La Sección 3.3 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. see. 2153, establece que toda agencia podrá designar Oficiales Examinadores para presidir los procedimientos de adjudicación que se celebren en ella, disponiendo además que el jefe de la agencia podrá delegar la autoridad de adjudicar a uno o más *847 funcionarios o empleados de su agencia, designándolos con el título de jueces administrativos. 
Examinadas en su conjunto, las anteriores disposiciones de la Ley de Procedimiento Administrativo Uniforme establecen que este Tribunal sólo tendrá jurisdicción para revisar las decisiones adjudicativas de una agencia cuando: (1) la parte afectada solicite la revisión de una orden o resolución final firmada por el jefe de la agencia o un funcionario autorizado por ley; (2) el jefe de la agencia delegue la autoridad de adjudicar a uno o más funcionarios o empleados de su agencia, designándolos con el título de jueces administrativos, lo que los convierte en funcionarios autorizados en ley para emitir órdenes o resoluciones finales a nombre de la agencia; (3) personas que no son funcionarios o empleados de una agencia se les designe como oficiales examinadores para presidir los procedimientos de adjudicación, pero en tales casos, el jefe de la agencia no podrá delegarle su autoridad de adjudicar, por lo que las decisiones de estos oficiales examinadores sólo podrán ser consideradas como recomendaciones que el jefe de agencia podrá acoger a su discreción antes de emitir una orden o resolución final. Véase, además, Padilla Falú v. A.V.P., 155 D.P.R. _ (2001), 2001 J.T.S. 135.
Por otra parte, el Reglamento Para los Procedimientos de Adjudicación de Querellas de la Autoridad de Energía Eléctrica, aprobado el 14 de noviembre de 1989 e inscrito en el Departamento de Estado el 12 de febrero de 1990 con el número 4109, también es de aplicación al caso de autos. El mismo fue promulgado con el propósito de unificar los procedimientos a seguir en la adjudicación formal de querellas, controversias o planteamientos ante la consideración de. esa agencia. En la Sección V (D) de dicho Reglamento se establece que los Oficiales Examinadores tienen la responsabilidad de preparar y someterle al Director Ejecutivo de la Autoridad un informe con sus recomendaciones, dentro del término de 60 días a partir de la fecha de conclusión de la vista o de la presentación de propuestas sobre determinaciones de hechos y conclusiones de derecho.
De las disposiciones antes transcritas se desprende que las secciones pertinentes de la Ley Núm. 33 y del Reglamento Núm. 3326 de la A.E.E. que le conceden a la parte afectada por una decisión emitida por el Oficial Examinador la facultad de presentar directamente ante este Foro un recurso de revisión administrativa —sin que tal dictamen sea avalado por el Director Ejecutivo de la A.E.E. — , son incompatibles con las disposiciones de la Ley de Procedimiento Administrativo Uniforme y del Reglamento 4109 de la A.E.E. Como ya expusimos, la Ley de Procedimiento Administrativo Uniforme prevalece sobre toda disposición legal —relativa a los procedimientos ante una agencia en particular— que sea contraria a las disposiciones de la misma.
Sabido es que sólo se puede solicitar la revisión judicial de órdenes y resoluciones finales de una agencia administrativa. Véanse, Padilla Falú v. A.V.P., supra; J.Exam. Tec. Méd. v. Elias et al, 144 D.P.R. 483 (1997). En el caso de autos, la resolución administrativa de la cual se recurre ante nos fue dictada por un Oficial Examinador designado por la A.E.E., pero no fue avalada por el Director Ejecutivo de dicha agencia. No obra en el expediente ante nos documento alguno que acredite que el Director Ejecutivo de la A.E.E. haya adoptado la recomendación del Oficial Examinador y haya emitido alguna orden o resolución final. El Oficial Examinador no es el funcionario de la A.E.E. autorizado por ley y reglámento para emitir resoluciones u órdenes finales de la agencia administrativa. Por tanto, es forzoso concluir que la resolución recurrida no es final y que el recurso ante nuestra consideración es prematuro y debe desestimarse por falta de jurisdicción. Nuestro Tribunal Supremo ha resuelto que un recurso prematuro, al igual que uno tardío, adolece del grave defecto de falta de jurisdicción. Rodríguez v. Zegarra, 150 D.P.R. _ (2000), 2000 J.T.S. 64. No puede este Tribunal ejercer su facultad revisora sobre una resolución que no es final.
III
Por los fundamentos antes expuestos, desestimamos el presente recurso por falta de jurisdicción.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
*848 Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2004 DTA 26
1. Valga aclarar que no se le apercibió de su derecho a solicitar la reconsideración del dictamen. Sin embargo, no tiene el efecto de detener los términos para solicitar la reconsideración o revisión judicial, Carabarín et al. v. A.R.P.E., 132 D.P.R. 938 (1993), habida cuenta que el recurrente presentó dentro del término correspondiente la moción de reconsideración. Entendemos que aplica por analogía lo resuelto en Diócesis Mayagüez I. Católica v. J.P., 147 D.P.R. _ (1999); 99 J.T.S. 9, puesto que el error en el apercibimiento no tuvo consecuencias procesales. Toda vez que la reconsideración fue presentada en el foro apropiado oportunamente. La resolución recurrida fue archivada en autos el 28 de febrero de 2003, la moción de reconsideración fue alegadamente presentada el 13 de marzo de 2003 dentro del término de veinte de veinte (20) días provisto en la Ley de Procedimiento Administrativo Uniforme. El término de quince (15) días para resolver y/o acoger la moción de reconsideración expiró el 28 de marzo de 2003, por lo que a partir de esa fecha comenzó a decursar el término para presentar el recurso de revisión administrativa ante este Foro, el cual fue presentado ante nos el 31 de marzo de 2003.
2. Nótese la distinción entre las facultades conferidas al oficial examinador y al juez administrativo.