TEXTO COMPLETO DE LA SENTENCIA
El Municipio de Guaynabo nos solicita que revisemos una determinación del Secretario de Justicia, Hon. Roberto Sánchez Ramos, a tenor de la cual autorizó el pago de una sentencia dictada por la Corte Federal para el Distrito de Puerto Rico en el caso Wanda González-Mercado v. Official Gualbert González, et als., Civil No. 99-1639. Por los fundamentos que habremos de discutir, resolvemos que a tenor de la Ley Núm. 9 de 26 de noviembre de 1975, un Municipio no tiene legitimación para impugnar la determinación de pago que hace el Secretario de Justicia.
Wanda González Mercado presentó demanda contra el Municipio de Guaynabo, contra el Alcalde Hon. Héctor O’Neill García y el Comisionado de la Policía Municipal, Wilfredo Castillo Alicea, así como contra dos policías municipales, Héctor Brunet Amador y Galbert González. En la demanda, se alegó que los policía municipales Brunet Amador y González habían incurrido en conducta violatoria de los derechos constitucionales de la Sra. González, según han sido consagrados en la Constitución de los Estados Unidos y la del Estado Libre Asociado de Puerto Rico. Se adujo también que dichos actos fueron realizados so color de autoridad como empleados del Municipio de Guaynabo, por lo que solicitaron el resarcimiento de los daños causados al Municipio de Guaynabo y su Alcalde y de parte de los dos policías municipales demandados.
*1018 Los agentes solicitaron que el Departamento de Justicia asumiera su representación en el pleito incoado en su contra, al amparo de la Ley Número 104 de 29 de junio de 1995, según enmendada. En respuesta, el Departamento de Justicia dictó varias resoluciones, mediante las cuales concedió el beneficio solicitado, los días 19 de agosto y 13 de septiembre de 1999.
Tras varios trámites procesales, los codemandados Municipio de Guaynabo, el Alcalde Hon. Héctor O’Neill García y el Comisionado Wilfredo Castillo Alicea solicitaron la desestimación de la demanda. El 15 de mayo de 2002, el Juez Federal Hon. Jay A. García-Gregory concedió la desestimación solicitada al Alcalde O’Neill y al Comisionado Castillo. El 13 de septiembre de 2002 se desestimó la acción contra el Municipio de Guaynabo.
Así las cosas, el pleito continuó contra los Policías Municipales Brunet Amador y González, el cual culminó con una sentencia dictada el 23 de enero de 2003, mediante la que se ordenó al primero el pago de $2,000 de daños compensatorios y $3,000 por concepto de daños punitivos y se desestimó la causa de acción contra el segundo. Asimismo, se ordenó a Brunet Amador a pagarle a la parte demandante la suma de $21,062.50 de honorarios de abogado, más costas por la cantidad de $315.00. De ahí que, en suma, ordenó el pago de $26,377.50.
El 15 de julio de 2006, la Sra. Wanda González, parte demandante a favor de quien fue dictada la sentencia, solicitó una orden del foro federal para que se le ordenara al Estado Libre Asociado de Puerto Rico a cumplir con el pago de la sentencia impuesta. En respuesta a dicha moción, el Departamento de Justicia informó que el Policía Brunet Amador le había solicitado al Departamento de Justicia el pago de la sentencia. Asimismo, informó que, de hacerse una determinación, el Municipio de Guaynabo sería el responsable de realizar el pago.
El 5 de septiembre de 2006, el Alcalde del Municipio de Guaynabo le escribió al Secretario de Justicia cuestionando la resolución dictada. Fundamentó su reclamo en que, a tenor de la sentencia dictada por el foro federal, no se cumplía con el requisito dispuesto en la Ley 9, supra, en virtud de lo que el beneficio de pago de sentencia corresponde sólo si los actos del policía contra quien recayó la sentencia fueron “actos u omisiones incurridos de buena fe, en el curso de su trabajo y dentro del marco de sus funciones”. Según adujo, no procedía el beneficio de pago de sentencia que se le había extendido a Brunet Amador, dado que su conducta fue intencional y/o con grave menosprecio de los derechos civiles de la parte demandante, según fue determinado por el jurado. En dicha comunicación, el Alcalde expresó que el Municipio de Guaynabo no habría de hacer el pago requerido y solicitó al Secretario de Justicia que cesara de realizar gestiones de cobro a esos fines.
El día 7 de noviembre de 2006, el Secretario de Justicia, Hon. Roberto J. Sánchez Ramos, dictó resolución sobre pago de sentencia, a tenor de la cual le concedió al Sr. Brunet Amador el beneficio del pago de sentencia. En su resolución dispuso que la referida cantidad “deberá sufragarse de los fondos disponibles del Municipio de Guaynabo”. La referida resolución le fue notificada al Hon. Héctor O’Neill García, Alcalde del Municipio de Guaynabo (Alcalde). Ese mismo día también, el Secretario de Justicia le escribió al Alcalde, en cuya misiva respondió al reclamo del Municipio de Guaynabo de 5 de septiembre de 2006. Por la importancia de dicha comunicación, la citamos in extenso:

“7 de noviembre de 2006

Hon. Héctor O ’Neill García

Alcalde

Municipio de Guaynabo

Apartado 7885

Guaynabo, P.R. 00970

*1019
Estimado señor Alcalde:

Los señores Héctor Brunet Amador y Gualbert González, miembros de la Policía Municipal de Guaynabo, así como el Municipio de Guaynabo, fueron demandados en el caso Wanda González Mercado v. Municipality of Guaynabo et ais., Civil Núm. 99-1639, en el Tribunal Federal de Distrito para el Distrito de Puerto Rico. Consiguientemente, las partes mencionadas solicitaron que el Departamento de Justicia asumiera su representación en el asunto antes descrito, al amparo de la Ley Núm. 104 de 29 de junio de 1995, según enmendada. En respuesta, el Departamento emitió varias resoluciones concediendo el beneficio solicitado, las cuales datan del 19 de agosto y 13 de septiembre de 1999.

Transcurridos los incidentes procesales de rigor, el Tribunal dictó sentencia en el caso de referencia en contra del Sr. Brunet Amador por la cantidad de $2,000.00 en concepto de daños compensatorios, y $3,000.00 en daños punitivos. Asimismo, ordenó el pago de $21,062.50 por honorarios de abogado y costas por la cantidad de $315.00. El Sr. Brunet Amador solicitó al Departamento que emitiera una Resolución de Pago de Sentencia de acuerdo a la Ley Num. 104, supra, obligando al Municipio de Guaynabo a realizar dicho pago. Dicha resolución fue emitida en el día de hoy.

Así las cosas, recibimos una comunicación suscrita por usted el 5 de septiembre del año en curso, en la cual nos informa que el Municipio no sufragará el monto de la sentencia, del Departamento conceder el beneficio de pago de la misma al Sr. Brunet. Su misiva fundamenta su posición en la sección 4705(d) de la Ley de Municipios Autónomos, que dispone, en su parte pertinente lo siguiente:

No estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio:

(d) Constitutivo de acometimiento, agresión u otro delito contra la persona, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura.

21 L.P.R.A. §4705(d) (2005). De una simple lectura del artículo citado, se desprende que el mismo no prohíbe el pago de sentencias, sino la presentación de demandas contra el municipio por hechos constitutivos de las causales culposas establecidas en el estatuto. Por supuesto, dicha cláusula de exclusión de responsabilidad es una defensa afirmativa que tiene que ser alegada para resultar efectiva. Esto es, la naturaleza de esta disposición resulta distinguible del objetivo perseguido en la Ley Núm. 104. La primera persigue proteger la inmunidad de los municipios, mas la asegunda abarca el pago de sentencias para oficiales públicos cuando han sido demandados en su carácter personal.

Por otro lado, la causa de acción presentada en la demanda surge a base de estatutos federales que permiten este tipo de reclamación en el Tribunal Federal. Por lo tanto, y suponiendo que el argumento que trata de esbozar al citar la referida Ley es en cuanto a la inviolabilidad de la inmunidad soberana, entenderá que de acuerdo a lo anterior, la misma no es de aplicación a este caso.

Finalmente, la Ley Núm. 104 delega en el Secretario de Justicia la autoridad para conceder o denegar el beneficio de su representación legal, así como el pago de la sentencia que recaiga en su contra a los empleados o funcionarios públicos, tanto estatales como municipales, que sean demandados en la esfera civil por infringir derechos civiles de ciudadanos. Particularmente, el Artículo 19 de la Ley Núm. 104 establece que, aunque el Departamento ofrece representación legal, según discutido, de recaer sentencia en contra de los empleados o 
*1020
ex empleados de un Municipio, la misma tiene que ser sufragada con los fondos disponibles del municipio involucrado. Véase 32 L.P.R.A. §3092 (2005).

Dado que la antes citada Ley es de carácter especial con relación a la Ley de Municipios Autónomos, los últimos carecen de autoridad para vetar las concesiones otorgadas por el Secretario de Justicia al amparo de la Ley 104. De lo contrario, los Municipios podrían beneficiarse de los preceptos de la Ley 104 en cuanto al derecho de representación que la misma confiere, pero a la misma vez, obviar la normativa que le impone el deber de resarcir el pago si dicha representación no resulta en una victoria. Claramente, la Ley 104 tiene que ser evaluada de manera integral, no en segmentos como usted propone. Es decir, el lenguaje de la Ley de Municipios Autónomos no sobrepone los poderes conferidos al Secretario de Justicia por la Ley 104 como tal, sólo a éste le corresponde determinar quién realizará el pago de la sentencia.

Como mencionáramos anteriormente, en el caso de referencia, el Departamento de Justicia concedió tanto el beneficio de representación legal como el de pago de sentencia en el caso de marras. Así pues, el Municipio viene obligado por la Ley Núm. 104 a desembolsar los fondos para el pago de la misma. A tales fines, le agradeceré que consigne la cantidad adeudada ante el Tribunal de [sic] Federal de Distrito para el Distrito de Puerto Rico a la brevedad posible, para evitar que sean impuestas sanciones.

Cordialmente,

Roberto J. Sánchez Ramos”

Inconforme con la determinación tomada, el 15 de noviembre de 2006, el Alcalde de Guaynabo le envió otra comunicación al Secretario de Justicia, en la que reiteró los planteamientos vertidos en la fechada 5 de septiembre de 2006. Además, planteó que el pago de la sentencia contra un funcionario público bajo la Ley 104 no es automático, sino que queda a la discreción del Secretario, la cual no es absoluta. Adujo, también, que a los Municipios no se les puede imponer el pago de daños punitivos, a tenor de lo resuelto en Saldaña-Sánchez v. López Gerena, 256 F. 3d (1st Cir 2001); City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981). Por último, reafirmó la decisión del Municipio de Guaynabo de no realizar el pago de la sentencia, por lo que solicitó que se pagara ésta con cargo a los fondos del Estado Libre Asociado y no del Municipio de Guaynabo.
Ante nos, el Municipio de Guaynabo y su Alcalde, Hon. Héctor O’Neill García, nos piden que revisemos la determinación del Secretario de Justicia, por la vía de la revisión administrativa. Alegan que la carta del Secretario de 15 de noviembre de 2006 es una resolución final revisable ante este Tribunal. Señalan que incurrió en error el Secretario de Justicia al conceder, al palio de la Ley Núm. 104, supra, el beneficio de pago de la sentencia dictada por el foro federal (en el Caso Civil 99-1639 ante la Corte de Distrito federal para el Distrito de Puerto Rico) e imponerle al Municipio de Guaynabo la obligación de realizar el pago.
Por su parte, el Secretario de Justicia aduce que procede la desestimación del recurso presentado por no ser la referida determinación una que pueda cuestionar el Municipio de Guaynabo ni su Alcalde y mucho menos sujeta a revisión administrativa por dichas partes.
Luegoo de haber recibido y estudiado las comparecencias del recurrente Municipio de Guaynabo, asi como la posicion del Secretario de Justicia y de la Sra. Wanda Gonzales Mercado, estamos en posicion de resolver.
A
Los tribunales debemos ser celosos guardianes de la jurisdicción. Todo tribunal tiene el deber ministerial de, cuestionada su jurisdicción, examinar y evaluar rigurosamente el señalamiento, pues éste incide *1021 directamente sobre el poder mismo para adjudicar una controversia. Es por ello que la falta de jurisdicción de un tribunal es un asunto que se puede levantar y resolver motu proprio, pues ciertamente no se tiene discreción para asumir jurisdicción allí donde no la hay. Romero Barceló v. Estado Libre Asociado, opinión de 10 de noviembre de 2006, 2006 J.T.S. 170; Souffront v. A.A.A., opinión de 21 de abril de 2005, 2005 J.T.S. 56; Carattini v. Collazo Systems, opinión del 3 de enero de 2003, 2003 J.T.S. 4 (2003).
Por tratarse de una determinación sobre la autoridad de un foro adjudicador para atender una controversia que se presenta mediante escrito de revisión, nuestro Tribunal Supremo ha interpretado que ante la existencia de duda al respecto, entre otras cosas: 1) los tribunales tienen el ineludible deber de auscultar su propia jurisdicción; 2) los tribunales apelativos tienen, además, el deber de examinar la jurisdicción de los foros de donde provienen los recursos; y 3) un planteamiento jurisdiccional podrá ser levantado en cualquier etapa del pleito por cualquiera de las partes e incluso por el tribunal motu proprio. Pagan v. Alcalde Mun. Cataño, 143 D.P.R. 314 (1997); Vázquez v. A.R.P.E., supra, a la pág. 537. Al amparo de ello, el Alto Foro ha expresado que por incidir sobre la autoridad del foro para entender en un recurso, una vez éste concluye que no existe jurisdicción, únicamente procede hacer el señalamiento al respecto y, en consecuencia, desestimar el caso. Vega et al. v. Telefónica, 156 D.P.R. 584 (2002); Pagán v. Alcalde Mun. Cataño, supra, a la pág. 326.
La normativa reseñada sobre la jurisdicción de los tribunales para resolver los casos y controversias que se les presentan requiere que, previo a cualquier ulterior análisis en los casos, los tribunales analicemos y determinemos si, en efecto, tenemos jurisdicción. Dado que el Secretario de Justicia cuestiona nuestra jurisdicción para considerar el recurso presentado, atendemos en primer lugar la controversia levantada sobre la jurisdicción de este Tribunal para revisar los méritos de los recursos de revisión que impugnan la actuación del Secretario de Justicia. Es conveniente, antes de iniciar nuestro análisis, repasar las normas de derecho aplicables.

1. Ley de Procedimiento Administrativo Uniforme

La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (“LPAU”), Ley Núm. 170 de 12 de Agosto de 1988, 3 L.P.R.A. sees. 2101-2201, estableció un procedimiento administrativo uniforme en nuestra jurisdicción. El propósito de la LPAU fue crear un cuerpo uniforme de reglas mínimas que toda agencia deberá observar al formular reglas o reglamentos, y al efectuar determinaciones en procesos adjudicativos que definan los derechos y deberes legales de personas específicas.
La ley expresa que un procedimiento administrativo no sólo incluye la formulación de reglas y reglamentos y “la adjudicación formal de toda controversia o planteamiento ante la consideración de una agencia”, sino que también comprende los procedimientos de otorgación de licencias y “cualquier proceso investigativo que inicie una agencia dentro del ámbito de su autoridad legal.” 3 L.P.R.A. sec. 2102(k).]
El ámbito de la referida ley es abarcador, pues ésta “[ajplicará a todos los procedimientos administrativos conducidos ante todas las agencias que no estén expresamente exceptuadas por esta ley”. 3 L.P.R.A. see. 2103. Debemos puntualizar que la LPAU sustituye los procedimientos de las agencias que sean incompatibles con sus disposiciones, por lo que sus reglas prevalecen “[sjobre toda disposición legal, relativa a una agencia en particular, que sea contraria a las disposiciones de la misma". Hernández v. Golden Tower Dev. Corp, 125 D.P.R. 744, 748 (1990).
La LPAU está dividida en siete (7) áreas o capítulos principales. Como antes expresado, cada capítulo provee unos procedimientos uniformes mínimos que deberá cumplir el organismo administrativo al realizar sus funciones. En lo que concierne a la presente controversia, el capítulo III prescribe las guías o normas mínimas que una agencia estará obligada a seguir al conducir sus procedimientos adjudicativos.
*1022 Sobre los mecanismos administrativos de adjudicación, la sección 3.1 de la LPAU, en lo pertinente, dispone que:

“Cuando por disposición de una ley, regla o reglamento o de este Capítulo, una agencia deba adjudicar formalmente una controversia, los procedimientos deberán regirse por las disposiciones de este subcapítulo.

La revisión judicial de las decisiones administrativas está delimitada tanto por la ley como por doctrinas jurisprudenciales. La función central de la revisión judicial sustantiva es asegurarse de que las agencias actúan dentro del marco del poder delegado y consistentes con la política legislativa. ” Miranda v. Comisión Estatal de Elecciones, 141 D.P.R. 775, (1996), citando a D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Colombia, Ed. Forum, 1993, Sec. 9.3, pág. 521.
Las decisiones administrativas tienen a su favor la presunción de legalidad y corrección. Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975). Esta presunción de regularidad y corrección “debe ser respetada mientras la parte que la impugne no produzca suficiente evidencia para derrotarla”. Henríquez v. Consejo de Educación Superior, 120 D.P.R. 194, 210 (1987).
Al ejercer su función, el tribunal debe examinar primero si la actuación del organismo administrativo se ajusta al poder que le ha sido delegado, Viajes Gallardo v. Clavell, 131 D.P.R. 275 (1992); Hernández Denton v. Quiñones Desdier, 102 D.P.R. 218, 223-24 (1974), pues de lo contrario su actuación sería ultra vires y, como consecuencia, nula. Fuertes y otros v. A.R.P.E. 134 D.P.R. 947 (1993).
El criterio de revisión que el tribunal debe aplicar es, pues, el de razonabilidad, sosteniendo las conclusiones e interpretaciones administrativas, siempre que la agencia no haya actuado arbitraria o ilegalmente, o en abuso de su discreción. Misión Industrial v. Junta de Planificación I, 146 D.P.R. 64 (1998) en las págs. 728-29.
B
La razón de ser de la Ley 9 de 26 de noviembre de 1975 se destaca en su Exposición de Motivos, cuando expone que el Estado Libre Asociado reconoce que es necesario proveerle a sus funcionarios y empleados la seguridad de que si actúan de acuerdo a las normas vigentes y de buena fe, sus actuaciones han de ser respaldadas legal y financieramente por el Estado. Es por esto que el Estado Libre Asociado de Puerto Rico, responderá por cualquier responsabilidad de carácter económico con motivo de indemnizaciones impuestas por un Tribunal a cualquier funcionario o empleado público cuando esto ocurra como consecuencia de una acción administrativa tomada de buena fe, dentro de las disposiciones legales vigentes y dentro del marco de sus funciones.
La referida Ley 9, supra, le añadió a la Ley Núm. 104 de 29 de junio de 1955, conocida como la Ley de Reclamaciones y Demandas contra el Estado, (32 L.P.R.A. sec. 3077 et seq.) los Arts. 12 al 19 (32 L.P.R.A. sees. 3085-3087 y 3088-3092). En ésta, se provee para que todo funcionario o ex funcionario del Estado Libre Asociado de Puerto Rico que sea demandado en daños y perjuicios por alegadas violaciones a los derechos civiles del demandante pueda solicitar que el Estado le provea representación legal y eventualmente asuma el pago de cualquier sentencia que recaiga sobre su persona. 32 L.P.R.A. see. 3085. La Ley Núm. 104, supra, constituye una renuncia amplia, pero condicionada por parte del Estado a la protección que le brinda la inmunidad del soberano, García v. E.L.A., supra; Defendini Collazo et al. v. E.L.A., Cotto, 134 D.P.R. 28 (1993).
Al amparo de la Ley 104, ante, fue aprobado el Reglamento sobre Representación Legal y Pago de Sentencia bajo la Ley de Reclamaciones y Demandas contra el Estado {“Reglamento”), Reglamento Núm. 4071, aprobado el 8 de septiembre de 1989. El Artículo V de éste establece las condiciones que deberá cumplir un *1023 solicitante para recibir los beneficios de representación legal y pago de sentencia, a saber:

“(A) Sea demandado en daños y perjuicios en su carácter personal.

(B) La causa de acción se fundamente en alegadas violaciones a los derechos civiles de la parte demandante debido a actos u omisiones incurridos de buena fe.

(C) Los hechos que dan lugar a la demanda, ocurran en el curso del trabajo del funcionario y dentro del marco de sus funciones.

(D) Los hechos que dan lugar a la demanda, no constituyan delito.

(E) Los hechos que dan lugar a la demanda, no constituyan negligencia inexcusable.

(F) Los hechos que dan lugar a la demanda no sean contrarios a un estado de derecho establecido jurisprudencialmente mediante sentencia final y firme. ” (Énfasis suplido.)
Previo al pago de una sentencia, el Artículo X del Reglamento requiere que el Secretario efectúe una evaluación final para determinar si de acuerdo a la ley procede el pago de la misma. Específicamente, dicho artículo prescribe:

“(A) Dentro del término de diez (10) días siguientes al archivo en autos de copia de la notificación de la sentencia, el representante legal del beneficiario deberá presentarle al Secretario copia de la sentencia o un informe en el que se relacionen de forma sucinta y fehaciente la prueba desfilada y admitida cuando no haya determinaciones de hecho [sic] del tribunal. Este informe será firmado por el beneficiario.

(B) El Secretario o la persona designada por éste evaluará dichos .documentos, considerando los hechos que determine probados el tribunal o que surjan de la prueba desfilada y admitida.

(C) Dentro de los treinta (30) días después que la sentencia advenga final y firme, el Secretario decidirá si corresponde pagar la sentencia de acuerdo a la Ley y este Reglamento.

(D) Si de acuerdo con la evaluación realizada, el Secretario decidiera que el beneficiario no es acreedor al beneficio de pago de sentencia, serán aplicables las normas sobre denegación de beneficios y se actuará de acuerdo con lo establecido en el Apartado (G) del Artículo VIII de este Reglamento. ”

En lo relativo a la revisión judicial, el Art. XIV del mismo Reglamento dispone que “[e]l solicitante o beneficiario que haya agotado los remedios administrativos que se establecen en la Ley y este Reglamento, incluyendo el trámite de reconsideración, podrá interponer recurso de revisión... ”.
Por su parte, el Art. 14 de la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. see 3087, dispone que luego de que recaiga una sentencia, el Secretario de Justicia decidirá si procede el pago de la totalidad de la sentencia impuesta a los funcionarios, ex funcionarios, empleados o ex empleados públicos demandados. García v. E.L.A., 146 D.P.R. 725 (1998). Por otro lado, el Art. V (B) del Reglamento Núm. 4071 del Departamento de Justicia, ante, dispone que para que un solicitante sea elegible para recibir los beneficios concedidos por la Ley de Reclamaciones y Demandas contra el Estado, la causa de acción ejercitada tiene que fundamentarse en alegadas violaciones a los derechos civiles de la parte demandante debido a actos u omisiones incurridos de buena fe.
En cuanto a los fondos para el pago de la representación legal y el procedimiento para efectuar el pago, el Art. 19, 32 L.P.R.A. § 3092, de la citada ley dispone lo siguiente:

*1024
“El Secretario de Justicia notificará al Secretario de Hacienda sus determinaciones sobre pago a base de lo dispuesto en las sees. 3085 a 3092a de este título. El Secretario de Hacienda procederá a satisfacer de los fondos disponibles en el Tesoro de Puerto Rico las sentencias, costas y honorarios que recaigan sobre los demandados.

Todas las disposiciones de las sees. 3085 a 3092a de este título serán aplicables a los directores ejecutivos, ex directores ejecutivos, los miembros y ex miembros de las juntas de Gobierno de las corporaciones públicas e instrumentalidades del Gobierno, y a los alcaldes y ex alcaldes y funcionarios y ex funcionarios de los municipios, así como los miembros y ex miembros del Cuerpo de la Policía Municipal en los diferentes rangos, excepto que los gastos que recaigan sobre éstos en concepto de tales sentencias, costas, honorarios y gastos incurridos por el Estado Libre Asociado en su representación legal serán sufragados de los fondos disponibles de las correspondientes corporaciones e instrumentalidades del Gobierno o municipio que representa o que representó el demandado en cuestión. En caso de que la corporación, instrumentalidad del Gobierno o el municipio afectado no disponga de los fondos necesarios para sufragar dicha cuantía, el Estado Libre Asociado deberá satisfacer el pago de ésta. La corporación o instrumentalidad del Gobierno o el municipio reembolsará dicha suma posteriormente, según lo determine el Secretario de Hacienda, mediante consulta con la junta de Gobierno de la corporación o instrumentalidad del Gobierno o la legislatura municipal del municipio. [Énfasis suplido].
Por otra parte, el Alto Foro ha resuelto que “cuando el Secretario de Justicia decide denegar o revocar los beneficios que concede la ley, se le debe notificar al ‘solicitante o beneficiario’ de la intención de denegar o revocar. ” Art. XI del Reglamento. Es éste, el funcionario o empleado público, el que tiene el derecho de solicitar la revisión de esta determinación, siguiendo el procedimiento establecido. Como se puede apreciar, la terminología utilizada tanto en la Ley Núm. 9, supra, como en el Reglamento, en cuanto a solicitantes y beneficiarios, se refiere exclusivamente a funcionarios o empleados públicos”. García v. E.L.A., 146 D.P.R. 725 (1992). De esta forma, en García v. E.L.A., supra, el Tribunal Supremo dispuso que no puede un demandante, como regla general, exigir que se le pague una sentencia impuesta contra un funcionario o empleado público, cuando se han concedido los beneficios de la Ley Núm. 9, supra.
Ill
Como mencionáramos anteriormente, atenderemos en primer lugar el planteamiento levantado por el Procurador relativo a la falta de jurisdicción de este Tribunal para revisar la determinación del Secretario de Justicia. Como cuestión de umbral, este Tribunal sí tiene jurisdicción para revisar las determinaciones que haga el Secretario de Justicia a la luz de la Ley Núm. 9, supra, siempre que la acción sea ejercitada por la persona a quien la ley le reconoce legitimación activa. Como más adelante expondremos, la Ley 9, supra, sólo reconoce legitimación activa para la revisión judicial al solicitante o beneficiario, no al municipio. El Procurador aduce que este Tribunal carece de jurisdicción para revisar las actuaciones del Secretario de Justicia por el carácter discrecional de la determinación. Sin embargo, surge claramente de las disposiciones de la propia Ley 9, supra, que dicha determinación es revisable, a solicitud del beneficiario o solicitante del pago de la sentencia. Lo anterior nos lleva a la segunda controversia levantada.
En el presente caso es el Municipio de Guaynabo el que recurre ante nos para cuestionar la determinación del Secretario de Justicia sobre pago de la sentencia dictada contra del agente municipal. Entre sus planteamientos, aduce que el Municipio de Guaynabo está impedido de pagar daños punitivos, en virtud de lo dispuesto en la Ley de Municipios Autónomos, Ley Número 81 de 30 de agosto de 1991. Específicamente señala que el Artículo 15.005 de dicha ley, 21 L.P.R.A. see. 4705, dispone en su parte pertinente que “[l]a sentencia que se dicte contra cualquier municipio de acuerdo a la see. 4703 no incluirá, en ningún caso, el pago de intereses por período alguno anterior a la sentencia, ni concederá daños punitivos ni impondrá honorarios de abogado ”.
Ciertamente, no procede la imposición de daños punitivos a un Municipio. No obstante, la sentencia objeto de este recurso no fue dictada contra el Municipio, por lo que no resulta de aplicación la citada disposición a los *1025 hechos de este caso.
Por otra parte y, de acuerdo a las disposiciones legales citadas y su jurisprudencia interpretativa, sólo el beneficiario del pago de la sentencia, -en el presente caso, el Agente Municipal Brunet Amador-, es a quien la ley le reconoce la legitimación activa para impugnar la determinación del Secretario de Justicia. Nuestra posición también encuentra apoyo en el Reglamento citado, pues al revisarlo sólo menciona al “solicitante o beneficiario” como la persona que puede solicitar la revisión judicial. Si la intención del legislador o de la agencia hubiese sido incluir como posible reclamante al Municipio que se ve en la obligación de pagar la sentencia recaída en contra de su empleado, el lenguaje legislativo hubiese sido otro. Resulta forzoso entonces, concluir que en el presente caso el Municipio de Guaynabo no tiene legitimación activa para impugnar la determinación del Secretario de Justicia. En virtud de ello, resulta innecesario que nos pronunciemos respecto a los demás errores alegados.
De conformidad con los fundamentos discutidos, resolvemos que el Municipio de Guaynabo carece de legitimación activa para cuestionar la determinación recurrida, por lo que se desestima el recurso presentado.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria.
Leda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIO 2007 DTA 45
1. El término beneficiario se define en el Reglamento como “funcionario, su cónyuge o la sociedad legal de gananciales compuesta por ambos a quien se la han concedido los beneficios, de conformidad con las disposiciones de la Ley”. Por otro lado, define el término solicitante como el “funcionario, su cónyuge o la sociedad legal de gananciales compuesta por ambos que pide los beneficios, de conformidad con las disposiciones de la Ley”.