ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SOLIS I. RIVERA MORALES<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN<br><br>Recurrido | KLRA202400385 | *REVISIÓN ADMINISTRATIVA* procedente de la Oficina de Apelaciones del Sistema de Educación<br><br>Caso Núm. 2013-12-0298<br><br>Sobre:<br><br>RETRIBUCIÓN |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de diciembre de 2024.

*-I-*

Comparece, el señor Solis I. Rivera Morales, (en adelante, señor Rivera Morales o parte recurrente), quien presenta recurso de revisión judicial sobre la *Resolución Sumaria* emitida el 10 de febrero de 2024 por la Oficina de Apelaciones del Sistema de Educación, (en adelante, OASE).

En esencia, la OASE desestimó sin perjuicio la querella presentada por la parte recurrente debido a que, el señor Rivera Morales no recibió una notificación final del Departamento de Educación (en adelante, el Departamento o parte recurrida) sobre su reclamo de aumento salarial.

El 20 de marzo de 2024, la parte recurrente presentó *Moción de Reconsideración de la Resolución Sumaria* emitida por la OASE.[1] Mediante *Orden* emitida el 1 de abril de 2024, la OASE acogió la *Moción de Reconsideración* y ordenó al Departamento a presentar

---

[1] Apéndice B, páginas 9-13 del apéndice del Recurso de Revisión Judicial.

su posición en torno a la reconsideración solicitada.[2] El Departamento no compareció dentro del plazo provisto.

El 31 de mayo de 2024 la parte recurrente presentó *Moción Reiterando Solicitud de Reconsideración*.[3] La OASE no emitió una decisión final sobre la reconsideración solicitada por la parte recurrente dentro de los 90 días siguientes a la presentación del escrito de reconsideración. En consecuencia, el 18 de julio de 2024 la parte recurrente compareció ante esta curia por medio de su escrito de revisión judicial en el cual solicitó la revocación de la desestimación sumaria de su querella.

El 4 de septiembre de 2024 la OASE emitió una *Resolución* mediante la cual dejó sin efecto la desestimación sumaria, y ordenó una vista de estado de los procedimientos. Empero, el 9 de septiembre de 2024 la OASE emitió una nueva *Resolución* en la cual dispuso: ¨Se deja sin efecto la Resolución emitida el 4 de septiembre de 2024¨.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, desestimamos el presente recurso por falta de jurisdicción.

### -II-

### A.

La jurisdicción, fuente principal de la autoridad de los tribunales para interpretar y hacer cumplir las leyes, está regulada por la aplicación de diversas doctrinas que dan lugar al principio de justiciabilidad, a saber: la legitimación activa, **la academicidad** y la cuestión política. Como corolario de lo anterior, previo a la evaluación de los méritos de un caso, los tribunales debemos determinar si la controversia es justiciable. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 738 (2022); *Torres Montalvo v.*

---

[2] Apéndice C, páginas 14-15 del apéndice del Recurso de Revisión Judicial.
[3] Apéndice D, páginas 16-20 del apéndice del Recurso de Revisión Judicial.

*Gobernador ELA,* 194 DPR 760, 766 (2016); *Díaz Díaz v. Asoc. Res. Quintas San Luis,* 196 DPR 573, 577 (2016). Esto obedece a que, los tribunales sólo tenemos facultad para resolver controversias genuinas dentro de una situación adversativa en la cual las partes tengan un interés real de obtener un remedio que haya de afectar sus relaciones jurídicas. *Hernández, Santa v. Srio. de Hacienda,* supra; *Suárez Cáceres v. Com. Estatal Elecciones,* 176 DPR 31, 60 (2009); *Sánchez et al. v. Srio. de Justicia et al.,* 157 DPR 360, 370 (2002).

En lo aquí pertinente, la doctrina de academicidad "constituye una de las manifestaciones concretas del concepto de justiciabilidad, que a su vez acota los límites de la función judicial". *Pueblo v. Ramos Santos,* 138 DPR 810, 824 (1995). Así pues, un caso se torna académico cuando en el mismo **se trata de obtener un fallo sobre una controversia inexistente**, o una sentencia sobre un asunto, el cual, por alguna razón, no podrá tener efectos prácticos. *Super Asphalt v AFI y otro,* 206 DPR 803, 816 (2021); *San Gerónimo Caribe Project v. ARPe,* 174 DPR 640, 652 (2008); *RBR Const., SE v. AC,* 149 DPR 836, 846 (1999). Así mismo, una controversia que en sus inicios era justiciable se puede convertir académica cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial tornan ficticia su solución, adviniendo así en una opinión consultiva sobre asuntos abstractos de derecho. *Super Asphalt v AFI y otro, supra; PPD v. Gobernador I,* 139 DPR 643, 675-676 (1995). Véase, además, *Pueblo v. Díaz, Rivera,* 204 DPR 472, 481 (2020).

Consecuentemente, la doctrina en cuestión "**requiere que durante todas las etapas de un procedimiento adversativo, incluso la etapa de apelación o revisión, exista una controversia genuina entre las partes**". *Pueblo v. Ramos Santos, supra,* pág. 824.

Finalmente, una vez un tribunal determina que un caso es académico, por imperativo constitucional (ausencia de 'caso o controversia') o por motivo de autolimitación judicial, debe abstenerse de considerarlo en sus méritos. *Super Asphalt v AFI y otro, supra; Pueblo v. Díaz, Rivera, supra; San Antonio Maritime v. PR Cement Co.*, 153 DPR 374, 387 (2001).

### B.

El Tribunal Supremo de Puerto Rico ha resuelto que los tribunales deben ser celosos guardianes de su jurisdicción, viniendo obligados a considerar dicho asunto aún en ausencia de señalamiento a esos efectos por las partes, esto es, *motu proprio.* *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP v CLE,* 196 DPR 289, 296 (2016); *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013); *Juliá v. Epifanio Vidal, SE,* 153 DPR 357, 362 (2001); *Vázquez v. ARPE,* 128 DPR 513, 537 (1991); *López Rivera v. Aut. de Fuentes Fluviales,* 89 DPR 414, 419 (1963).

Así, el tribunal que no tiene la autoridad para atender un recurso sólo tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group Inc., supra*, pág. 269. Además, si un tribunal carece de jurisdicción también carece de discreción para asumir jurisdicción donde la ley no la confiere. *Id.*

En síntesis, la falta de jurisdicción no puede ser subsanada, ni el Tribunal puede arrogársela. *Fuentes Bonilla v. ELA,* 200 DPR 364, 372-373 (2018); *Peerless Oil v. Hermanos Torres Pérez,* 186 DPR 239, 249 (2012); *Szendrey v. F. Castillo,* 169 DPR 873, 883 (2007); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980); *Maldonado v. Pichardo,* 104 DPR 778, 782 (1976).

*-III-*

En esencia, el recurrente solicita la revocación de la *Resolución* recurrida y que ordenemos la continuación de los procedimientos ante el foro administrativo.

Por su parte, la recurrida se allanó al recurso solicitado por la parte recurrente, y concluyó que en un ejercicio de honestidad intelectual, entendemos procedente devolver el presente caso al foro administrativo para que sea considerado y emita las determinaciones que entienda en derecho.

En la medida en que la OASE dejó sin efecto la desestimación sumaria, la controversia ante este foro se torna inexistente y la solución que pueda ofrecer este foro intermedio sería ficticia. Esto indistinto al efecto que pudiera tener la *Resolución* del 9 de septiembre de 2024 sobre la querella de la parte recurrida. Corresponde al foro administrativo emitir una resolución final sobre el asunto esgrimido por la parte querellante.

En consecuencia, la controversia ante nuestra consideración se ha convertido en académica y, por tanto, carecemos de jurisdicción para atenderla en sus méritos.

*-IV-*

Por los fundamentos previamente expuestos, los cuales hacemos formar parte de este dictamen, desestimamos la presente revisión judicial por falta de jurisdicción, por académico.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones