ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| GOBIERNO DE PUERTO RICO; DEPARTAMENTO DE ESTADO; JUNTA EXAMINADORA DE CORREDORES, VENDEDORES Y EMPRESAS DE BIENES RAÍCES DE PUERTO RICO<br><br>Recurridos<br><br>V.<br><br>VÍCTOR DANIEL GOYTÍA GARAY<br><br>Recurrente | KLRA202400550 | Revisión Administrativa procedente de la Junta Examinadora de Corredores, Vendedores y Empresas de Bienes Raíces de Puerto Rico<br><br>Lic. Núm.: C-14249<br><br>Sobre: Renovación de licencia |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Salgado Schwarz y el juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

### SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 15 de enero de 2025.

### -I-

Surge del expediente que el señor Víctor D. Goytía Garay, en adelante el señor Goytía o el recurrente, presentó un recurso de *Revisión Administrativa* contra el Estado Libre Asociado de Puerto Rico, el Departamento de Estado y la Junta Examinadora de Corredores, Vendedores y Empresas de Bienes Raíces de Puerto Rico, en adelante la Junta Examinadora, en conjunto los recurridos. Alegó que la Junta Examinadora no había celebrado ningún procedimiento relacionado con una querella en su contra por más de 11 meses. Por tal razón, solicitó la preterición del trámite administrativo y que este Tribunal de Apelaciones desestimara la querella con perjuicio.

Número Identificador

SEN2025_____

Así las cosas, este tribunal dictó una *Sentencia* en la cual expidió un *mandamus* y ordenó a la Junta Examinadora a que atendiera la controversia en un término de 30 días.

Inconforme, el señor Goytía solicitó reconsideración.

En dicho contexto procesal, el Departamento de Estado presentó una *Moción Aclaratoria y en Reconsideración*. En lo aquí pertinente, informó "…que, al recurrente, se le estará notificando, próximamente, la citación formal para la celebración de la vista administrativa en el caso de autos".

Oportunamente, el Departamento de Estado acreditó lo anterior y presentó copia de la citación formal a la vista administrativa a celebrarse el 18 de diciembre de 2024.

A raíz de lo anterior, ordenamos al recurrente a que mostrara causa por la cual el recurso de epígrafe no se había tornado académico.

En comparecencia en cumplimiento de orden, el recurrido no atendió la orden de mostrar causa y en cambio se limitó a reiterar su solicitud original de preterir el trámite administrativo y desestimar la querella.

-II-

A.

La jurisdicción, fuente principal de la autoridad de los tribunales para interpretar y hacer cumplir las leyes, está regulada por la aplicación de diversas doctrinas que dan lugar al principio de la justiciabilidad, a saber: la legitimación activa, **la**

**academicidad** y la cuestión política. Como corolario de lo anterior, previo a la evaluación de los méritos de un caso, los tribunales debemos determinar si la controversia ante nuestra consideración es justiciable.[1] Esto obedece a que los tribunales sólo tenemos facultad para resolver controversias genuinas dentro de una situación adversativa en la cual las partes tengan un interés real de obtener un remedio que haya de afectar sus relaciones jurídicas.[2]

En lo aquí pertinente, la doctrina de academicidad "constituye una de las manifestaciones concretas del concepto de justiciabilidad, que a su vez acota los límites de la función judicial".[3] Así pues, un caso se torna académico cuando en el mismo se trata de obtener un fallo sobre una controversia inexistente, o una sentencia sobre un asunto el cual, por alguna razón, no podrá tener efectos prácticos.[4]

Así mismo, una controversia que en sus inicios era justiciable se puede convertir académica cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial tornan ficticia su solución, convirtiéndose así en una opinión consultiva sobre asuntos abstractos de derecho.[5] Consecuentemente, la doctrina en cuestión "requiere que durante todas las etapas de un procedimiento adversativo, incluso la

---

[1] *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 738 (2022); *Torres Montalvo v. Gobernador ELA*, 194 DPR 760, 766 (2016); *Díaz Díaz v. Asoc. Res. Quintas San Luis*, 196 DPR 573, 577 (2016).
[2] *Hernández, Santa v. Srio. de Hacienda*, *supra*; *Suárez Cáceres v. Com. Estatal Elecciones*, 176 DPR 31, 60 (2009); *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360, 370 (2002).
[3] *Pueblo v. Ramos Santos*, 138 DPR 810, 824 (1995).
[4] *Super Asphalt v AFI y otro*, 206 DPR 803, 816 (2021); *San Gerónimo Caribe Project v. ARPe*, 174 DPR 640, 652 (2008); *RBR Const., SE v. AC*, 149 DPR 836, 846 (1999).
[5] *Super Asphalt v AFI y otro*, *supra*; *PPD v. Gobernador I*, 139 DPR 643, 675-676 (1995). Véase, además, *Pueblo v. Díaz, Rivera*, 204 DPR 472, 481 (2020).

etapa de apelación o revisión, exista una controversia genuina entre las partes".[6]

No obstante, se han reconocido varias excepciones a la doctrina de academicidad, a saber: (1) cuando se plantea una cuestión recurrente que por su naturaleza se hace muy difícil dilucidarla nuevamente en los tribunales; (2) si la situación de hechos ha sido modificada por el demandado, pero no tiene características de permanencia; (3) cuando los aspectos de la controversia aparentan ser académicos, pero no lo son porque persisten consecuencias colaterales; (4) cuando el tribunal ha certificado un pleito de clase y la controversia se tornó académica para un miembro de la clase, mas no para el representante de la misma.[7]

Finalmente, una vez un tribunal determina que un caso es académico, por imperativo constitucional (ausencia de 'caso o controversia') o por motivo de autolimitación judicial, debe abstenerse de considerarlo en sus méritos.[8]

**B.**

El Tribunal Supremo de Puerto Rico ha resuelto que los tribunales deben ser celosos guardianes de su jurisdicción, viniendo obligados a considerar dicho asunto aún en ausencia de señalamiento a esos efectos por las partes, esto es, *motu proprio*.[9] Así pues, el

---

[6] *Pueblo v. Ramos Santos*, *supra*, pág. 824. Véase, además, *Hernández, Santa v. Srio. de Hacienda*, *supra*.
[7] *Pueblo v. Díaz, Rivera*, *supra*, pág. 482; *Bathia Gautier v. Gobernador*, 199 DPR 59, 73-74 (2017).
[8] *Super Asphalt v AFI y otro*, *supra*; *Pueblo v. Díaz, Rivera*, *supra*; *San Antonio Maritime v. PR Cement Co.*, 153 DPR 374, 387 (2001).
[9] *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP v CLE*, 196 DPR 289, 296 (2016); *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013); *Juliá*

tribunal que no tiene la autoridad para atender un recurso, sólo tiene jurisdicción para así declararlo y desestimar el caso.[10] Además, si un tribunal carece de jurisdicción también carece de discreción para asumir jurisdicción donde la ley no la confiere.[11] En síntesis, la falta de jurisdicción no puede ser subsanada, ni el Tribunal puede arrogársela.[12]

**C.**

Finalmente, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones dispone:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> […]
>
> (5) que el recurso se ha convertido en académico.
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[13]

**-III-**

Al Departamento de Estado emitir una citación formal para la celebración de la vista administrativa, el recurso se tornó académico. Ahora, el señor Goytía tendrá la oportunidad de que la reclamación en su contra se ventile con las garantías del debido proceso de ley. Así pues, ocurrieron cambios fácticos que tornaron ficticia la controversia original.

---

*v. Epifanio Vidal, SE*, 153 DPR 357, 362 (2001); *Vázquez v. ARPE*, 128 DPR 513, 537 (1991); *López Rivera v. Aut. de Fuentes Fluviales*, 89 DPR 414, 419 (1963).
[10] *Ruiz Camilo v. Trafon Group Inc., supra*, pág. 269.
[11] *Id.*
[12] *Fuentes Bonilla v. ELA,* 200 DPR 364, 372-373 (2018); *Peerless Oil v. Hermanos Torres Pérez*, 186 DPR 239, 249 (2012); *Szendrey v. F. Castillo*, 169 DPR 873, 883 (2007); *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976).
[13] 4 LPRA Ap. XXII-B, R. 83 (B) y (C).

Por otro lado, no encontramos que se configure ninguna de las excepciones a la doctrina de academicidad.

Finalmente, como expusimos previamente, una vez el tribunal determina que el caso es académico "debe abstenerse de considerarlo en sus méritos".

**-IV-**

Por los fundamentos previamente expuestos, se desestima el recurso por falta de jurisdicción, por académico.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones